CHANCERY.

*Case* 29.

## Pearson & Anderson *vs* Keedy, &c.

ERROR TO THE LOGAN CIRCUIT.

*Chancery jurisdiction. Lis pendens.*

Sept. 29.

JUDGE MARSHALL delivered the opinion of the Court.

WE do not find, either in principle or precedents, any authority for the position that the creditor of a firm may, upon the death of one of the partners, go into Chancery as a matter of course, to coerce satisfaction of a legal demand, out of the effects of the firm in the hands of the survivor. If the survivor is solvent the legal remedy against him is plain and as efficient to reach the effects of the firm in his hands, of whatever discription they may be, as the like remedy against any other individual is, to reach his effects of the same species. The survivor is, at law, the only debtor of the firm creditor, and through him the visible effects of the firm in possession, and of which, for the purpose of paying debts, he is entitled to the custody and control, are accessible by legal execution. The debt being his own, his individual property which had

A creditor of a firm, one of whom dies, has not, from that fact alone, a right to sue in chancery for a demand due from the firm

never belonged to the firm, is also accessible in the same manner. There is, therefore, no failure of the legal remedy while either the effects of the firm or those of the survivor, of a species liable to execution, remain in his hands; and as it is immaterial to the creditor whether his debt is satisfied out of the individual effects or out of those which had belonged to the firm, even the conversion of the latter into choses in action, gives him no cause for going into chancery to reach them, while the former remain accessible to his legal remedy.

Each partner has unquestionably a right to have the effects of the firm appropriated to the firm debts, and has, in equity at least, a lien upon those effects to secure not only this appropriation, but also any final balance in his own favor. The creditor of the firm has no such lien in himself, but only a derivative equity based upon the rights of the partners themselves. In virtue of which he may, in case of the death of one and the insolvency of the survivor, be substituted to the right of the deceased or his representatives, to have the partnership effects appropriated to the partnership debt. But this right of substitution is based on necessity arising from the insolvency of the survivor, and the consequent inefficiency of the legal remedy: (2 *Story's Equity Sec.* 53, *page* 500–1.)

This being the ground on which, independently of any statutory remedy, a creditor may go into a Court of Equity to subject the choses in action of the firm, in the hands of a surviving partner, to the satisfaction of his claim against the firm, it may be doubted whether in seeking the aid of the Chancellor upon this equitable principle, he will be allowed to give precedence to his own demand to the exclusion of other creditors, and whether he can demand more than a general appropriation of the partnership effects to the debts of the firm, by a pro rata distribution. But conceding that he can go in for his own debt alone, still as the insolvency of the survivor is the sole ground of the creditor's equity and of the jurisdiction of the Court to give relief, and as in this State, before the enactment of the statutes providing for the subjection of choses in action to the satisfaction of judgments, it was decided that they could not be subjected even in equity;

*Margin notes:*

PEARSON & ANDERSON
*vs*
KEEDY, &c.

The members of a partnership have the right to have the effects of the firm appropriated to the payment of the firm debts, and each have a lien to secure such appropriation, as well as any final balance in his favor.

Could a bill in chancery be maintained by creditor of a firm against a surviving partner tho' he was alledged to be insolvent, without showing the inefficiency of the legal remedy, by judgment and return of *nulla bona*—Qu.

and by those statutes, as they stood when this bill was filed in 1836, they could only be subjected upon the ground of the utter inefficacy of the legal remedy, to be demonstrated in case of resident debtors by a judgment with an execution returned "no property found," all which must be shown in the bill, it may be further doubted whether this bill, claiming the aid of the Chancellor to subject the choses in action of the firm, in the hands of the surviving partner, to the satisfaction of the complainant's demand against the firm, should not have shown the inefficiency of the legal remedy by a judgment and return of "no property" against the survivor.

But waiving these questions, we are satisfied that as the only ground of the complainant's equity against the survivor, and of the Chancellor's jurisdiction to subject the choses in action of the firm in his hands, or the assets of the deceased partner, was that the survivor was insolvent and the legal remedy, therefore, inefficacious, this ground should have been clearly and explicitly stated in the bill. And as it is neither alledged positively nor by inference, that the survivor was insolvent, but on the contrary the bill alledges that he had fraudulently mortgaged his own estate, and seeks to set aside the mortgage and subject that estate, (which in case of a merely legal demand as this is, the Chancellor could not then do before there had been a judgment at law,) we are of opinion that the bill, upon its face, does not show a case for the jurisdiction of the Chancellor, and therefore, did not operate as a *lis pendens* even from the date of the service of process, so as to affect the choses in action sought to be subjected, or to overreach, on that ground alone, the settlement thereof made between the survivor and the debtors to the firm. And although by a supplimental bill, it was shown, that some years after the original bill was filed, and the choses in action therein prayed to be subjected, had been settled and discharged, the complainants had obtained a judgment against the surviving partner on which an execution had been returned "no property found." Yet as they did not, either in that bill or in any other pleading, alledge either that that settlement and discharge were fraudulent on the part of

*Where the only ground of equity and jurisdiction of the Chancellor is the insolvancy of a surviving partner, the ground should be* clearly *and explicitly stated.*

*And if there be no equity in a bill and no sufficient allegation to give jurisdiction, tho' process be served, it will not operate as a* lis pendens *against debtors of the firm who may be injoined under such bill, and overreach settlements thereafter made between the surviving partner and the debtors of the firm.*

the debtors, or that there was any thing remaining due, notwithstanding said settlement, nor claim to attach or appropriate any alledged debt from the same debtors, we are of opinion that upon the pleadings and proof in the cause they were not entitled to any decree against the parties made defendants as debtors to the firm, or to the surviving partner in the choses in action referred to in the original bill as arising from a sale of the effects of the firm by the surviving partner. There was, therefore, no error in not rendering a decree against the sureties in said choses in action, as well as against the principal debtors, and the decree cannot be reversed upon the error assigned by the complainants on this subject; but it was errone-ous to have rendered any decree against the alledged debt-ors of the surviving partner, and therefore, upon the cross errors assigned by them, the decree must be reversed.

As to the other branches of the case. It is clear that the complainants have not entitled themselves to a decree setting aside the mortgage of his individual estate by the survivor as fraudulent, and subjecting the estate to their judgment; because the fraud is put in issue by the traverse filed for the unknown heirs of the mortgagee, and there is no proof as against them, and there being no personal representative of the mortgagee, the case must have been made out against the heirs, who had a right to contest the fraud.

Nor were the complainants entitled to relief against the survivor and his sureties in his bond as administra-tor of the deceased partner; first, because the effects of the firm and the debts arising on their sale, were in his hands as survivor, and not as administrator. And secondly, because the complaina●●ad no priority of claim against him as administrator, ●● it appears that he has paid debts of the decedant and of the firm, to a greater amount than all the assets in his hands, as well those belonging to the firm as those belonging to the deceased partner in-dividually, and the original bill was as insufficient for at-taching the assets of the deceased in the hands of his ad-ministrator as for attaching the assets of the firm in the hands of the survivor; *Sale* vs *Dishman*, (3 *Leigh*, 548.)

Where fraud is alledged in a bill against unknown heirs, it is put in insue by a tra-verse, and no de-cree can be ren-dered for com-plainant without proof to estab-lish the fraud.

Though a surviv-ing partner be-comes adm'r. of a deceased part-ner, funds of the firm coming into his hands, come to him as surviv-ing partner, not as adm'r.

The bill, therefore, was properly dismissed as to said sureties, and also as to the mortgaged estate and the unknown heirs of the mortgagee, and as already shown, there was no ground for relief against the alledged debtors to the surviving partner; and the entire bill should have been dismissed.

Wherefore, the decree is reversed and the cause remanded, with directions to dismiss the bill with costs,

*Fry & Page* for plaintiffs: *Morehead & Reed and Cates & Lindsey* for defendants.