JUDGE ROBERTSON
delivered the opinion of the court:
John Stubblefield and William Stubblefield, partners in a drug store in Winchester, Kentucky, becoming insolvent, and owing both individual and partnership debts, John, owning no other than partnership property, conveyed it to J. P. Herndon in trust, for paying all his debts, including a debt to the Bank of Kentucky, due by him as principal, and William Stubble-field as his surety; and another debt due to the same bank by William as principal, and himself as surety, *360 each for money borrowed for their individual use before they became partners.
The partnership debts greatly exceeding the value of the partnership property, this suit was brought for distribution according to the respective rights of all the creditors.
William Stubblefield, in his answer, renounced the deed of trust as unauthorized by him, and insisted on the application of the entire fund to payment pro tanto of the partnership creditors. And the circuit court having so adjudged, the bank appealed.
Although the bank was expressly included in the deed of trust as one of the beneficiaries, yet, as it does not appear that William Stubblefield was either a party to the conveyance or in any way bound by it, he retained for his own partial security his implied lien on the partnership fund, which, on the principal of subrogation, inured to the benefit of the partnership creditors. And as that lien was prior to and unaifected by the deed of trust, the same priority of partnership over individual creditors continued, notwithstanding the conveyance by the other partner of his interest for the benefit of all creditors equally. And consequently the bank, though included in the deed as a co-equal beneficiary, must give way to the substituted priority of the partnership creditors, as adjudged by the circuit court.
. Wherefore, the judgment is affirmed.