JUDGE ROBERTSON
delivered the opinion oe the court:
As each partner had an implied lien for his own security on the partnership property, the appellants, as creditors of, the firm for property sold to it and appropriated to its own use, are entitled to that lien by equitable substitution.
The notes to the appellees, Miller & Hopkins, do not show on their face that they were partnership debts, but import the contrary; nor is there any proof, or even allegation, that either of them was such a debt, or that the money recited as loaned was borrowed for, or was appropriated to, partnership use. The appellees, therefore, showing no other than their attachment lien, that, though prior to the mere attachment lien of the appellants, must be postponed to their antecedent lien by subrogation., and which is paramount to every other lien on the attached partnership property.
The court below seems, therefore, to have erred in' giving priority to the appellees.
Wherefore, the judgment is reversed, and the cause remanded for a judgment first satisfying the debt due to the appellants.