### PARKE v. MEYER.

JUDGMENTS—*When may be several.*—Under the Code of Practice, a several judgment may be entered whenever a several suit might have been brought.

APPEAL FROM SEBASTIAN CIRCUIT COURT—MOTION TO DISMISS APPEAL.

Hon. E. D. HAM, *Circuit Judge.*

*Walker & Rogers*, for Appellant.
*U. M. Rose* and *Clark & Williams*, for Appellee.

BENNETT, J.—Meyer sued Parke and Tibbetts, on an accepted draft, in the Circuit Court of Sebastian county. Service was had on Parke; none on Tibetts. When the cause was called, Park defaulted, and a final judgment was rendered against him, and an alias writ issued against Tibbetts, and the cause continued.

Parke appealed. Appellee, Meyer, now files his motion to dismiss the appeal, alleging that there is no final judgment from which an appeal will lie.

The motion to dismiss, no doubt, is based upon the provision of *sec.* 80, *chap.* 133, *Gould's Digest*, which says : " When there are several defendants in a suit, and some of them appear and plead, and others make default, an interlocutory judgment, by default, may be entered against such as make default, and the cause may proceed against the others, but only one final judgment shall be given in the action." The practice, however, under the Code, has been changed, or may be. *Secs.* 400 and 401 say : "Judgments may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants."

" In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

Thus, it is to be seen, the Code allows a several judgment

to be entered, whenever a several suit might have been brought. The plaintiff might have brought a several suit against Parke, on the accepted draft, and, by proving that the name of the firm had been used by him without authority from Tibbetts, have recovered a several judgment.

Inasmuch as we are only required to pass upon the question as to whether this judgment was a final one, from which an appeal would lie, we will leave the merits of the case to be hereafter considered. Motion to dismiss overruled.