CASE 7—MOTION—SEPTEMBER 2.

# Couchman's adm'r vs. Maupin, &c.

Kentu'y
78  33
110 623

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. The creditors of a partnership have no lien upon the partnership property, except such as is derived from or through the partners.
2. When, from any cause, partners are in such position that they cannot assert their lien upon the partnership effects, the creditors of the firm are equally unable to do so.
3. A partnership creditor has no lien upon partnership effects, as against ᴄ ɪe holding a joint debt against all the individual members of the firm.
4. The cases of O'Bannon, &c., v. Miller, &c., 4 Bush, and Howell, &c., v. Com. Bank Ky., 5 Ibid, so far as they conflict with this opinion, are overruled.
5. A motion for judgment upon a claimant's bond may be heard upon written pleadings or without them.
6. No act done by an execution defendant, while the execution is in force, and in the hands of the officer, can defeat the lien acquired upon his property by the delivery of the writ to the officer.

B. F. BUᴄKNER AND REID & STONE FOR APPELLANT.
1. The creditors of a firm have no substantial independent lien on the partnership property. (Story on Partnership, sec. 97; Ibid, sec. 360; Ibid, 358, 361; 1 Lindley on Part., 213, 214, 674; Jones v. Lusk, 2 Met., 361; Wilson v. Soper, 13 B. Mon., 414; 21 Conn., 130.)
VOL. LXXVIII.—3

2. The right of a creditor of all the individual members of the firm to sell the partnership property is indisputable. (1 Penn., 198; 5 Johns. Ch'y, 320; 4 Harris, 62; 3 Wright, 402; 9 Harris, 82; 5 Casey, 14; Watson on Part., 72.)

3. The Court erred in permitting appellee's equitable defense to be filed, depriving appellant of a trial by jury. (Civil Code, sec. 648; Watson v. Gabby, 18 B. Mon., 663; Civil Code, secs. 312, 449, 444; Samuel v. Jordan, MS. Opin., 1875.)

TYLER & HAZELRIGG and B. J. PETERS for appellee.

1. The partnership must be settled, and only the individual interest of each member of the firm can be subjected after the payment of all partnership debts.

2. The partnership creditor has a prior lien upon the partnership effects, as against creditors of individual members of the firm. (German Security Bank v. Jefferson, 10 Bush, 330; Smith v. Wells, 4 Bush, 92; Williams v. Smith, .Ibid, 540; Watson v. Gabby, 18 B. Mon., 60; O'Bannon v. Miller, 4 Bush, 26; Howell, &c., v. Com. Bank Ky., 5 Bush, 99; Northern Bank Ky. v. Kifer, 2 Duvall, 170; Story on Part., sec. 358; 43 N. H., 145; 52 N. Y., 154; Parsons on Part., 342; 4 Barb., 588; Overholt's Appeal, 2 Jones; 6 Pick., 350; 22 Ibid, 453; 3 Foster, 136.)

3. The Court properly transferred the case to equity. (4 Bush, 541; Urban v. Winner & Fecklin, MS. Opin., 1878; Lair's gd'n v. Wilson, 13 Bush, 589.)

JUDGE COFER delivered the opinion of the court.

The appellant having recovered a judgment against John Maupin and J. A. Orear, in a suit against them on a supersedeas bond, on which they were the joint sureties of James Turley, caused an execution issued thereon to be placed in the hands of the sheriff of Montgomery county on the 9th of July, 1877.

Maupin and Orear were partners, under the firm name of Maupin & Orear, and, as such, owned a stock of merchandise then in store in Montgomery county. July 18, they made a deed of trust, by which they conveyed the stock of goods and other firm effects to trustees, for the benefit of the creditors of the firm, and the trustees took possession of the property. July 19, the sheriff levied the execution

Couchman's adm'r vs. Maupin, &c.

on the stock of merchandise, and, being about to proceed to sell it, the trustees and some of the creditors of the firm executed a claimant's bond, and suspended the sale.

The appellant then instituted a motion in the Montgomery Circuit Court for judgment on the bond for the appraised value of the goods.

The defendants appeared to the motion, and, against the objection of the plaintiff, were permitted to file an answer; and they thereupon moved to transfer the motion to equity, to which the plaintiff also objected. The motion was sustained, but the plaintiff did not except to the order making the transfer. A demurrer to the first paragraph of the answer was overruled, and, after preparation, the motion was heard and dismissed. This appeal is prosecuted to reverse that judgment.

One of the errors alleged is, that the Court erred in allowing the answer to be filed.

In Watson v. Gabby (18 B. Mon., 658), this Court held that, in such a case, no written pleading was allowable. The Code then in force provided that such motions should be heard and determined without written pleadings. (Section 484.)

But the corresponding section (449) of the present Code provides that the motion may be heard and determined upon or without written pleadings. Whether an answer should be filed or not was therefore a question addressed to the discretion of the Court below, and its action affords no ground for reversal.

The next alleged error is the order transferring the motion to the equity docket.

The appellant did not except to that order, and if error was committed, it was waived.

The appellees claim that, as creditors of the firm of Maupin & Orear, and as trustees for such creditors, they have, in equity, a prior right to appellant, who is not a firm creditor but the creditor of the individuals comprising the firm; and the Court below so decided.

The record shows that at the time the *fi. fa.* of appellant came to the hands of the sheriff, Maupin & Orear were unable to pay their partnership liabilities, but it does not show that any creditor of the firm, or of either of the partners, had obtained judgment and return of *nulla bona* against either, prior to the levy of the execution, or that the partners had done any act which deprived them of their dominion over the partnership effects prior to the execution of the deed of trust on the day previous to the seizure of the goods by the sheriff.

An execution binds the property of the defendants therein from the time when it is placed in the hands of the proper officer for collection.   (Sec. 1, art. 2, ch. 38, G. S.).

And the general rule is, that, when an execution is levied, the lien is perfected, and relates back to the time when the writ came to the officer's hands, and no act done by the execution defendant in the meantime can defeat or impair the lien.

The claim of the appellees cannot, therefore, derive any support from the deed of trust, and it will, in the further consideration of the case, be left out of view.

The question then is, have the creditors of a firm, either through the partners or independently of them, a lien or a right to priority of payment out of partnership effects over a creditor of all the individual members of the firm.

It has been repeatedly held by this Court, and such seems to be the current of authority, both in the other States of

the Union and in England, that the creditors of a partner-
ship have no lien upon the partnership effects, except such
as is derived from or through the partners. (Ely v. Hair,
16 B. Mon., 237; Lusk v. Jones, 2 Met., 360; Howell v.
Commercial Bank of Kentucky, 5 Bush, 93; Wilson v.
Soper, 13 B. Mon., 414; Pearson v. Keedy, 6 B. Mon.,
128.)

And it would seem necessarily to follow, that when the
firm or the partners have done any act which precludes each
and all its members from asserting their lien, or when,
from any other cause, they are in a position in which they
cannot assert it, that firm creditors are equally unable to
do so.

Bank of Kentucky v. Herndon, 1 Bush, 359, was a con-
test between the creditors of a firm composed of John and
William Stubblefield and a creditor of the individuals com-
posing the firm. The partners were each, with the other
as his surety, indebted to the bank for money borrowed for
their individual use before they became partners. The firm
became unable to pay its debts, and John, without the con-
currence of William, conveyed the partnership property in
trust for the payment of the firm debts, and his own and
William's individual debts, to the bank.

Speaking for the Court in that case, Judge Robertson
said:

"Although the bank was expressly included in the deed
of trust as one of the beneficiaries, yet, as it does not ap-
pear that William Stubblefield was either a party to the
conveyance or in any way bound by it, he retained for his
own partial security his implied lien on the partnership fund,
which, on the principle of subrogation, inured to the benefit
of the partnership creditors; and as that lien was prior to,

and unaffected by, the deed of trust, the same priority of partnership over individual creditors continued, notwithstanding the conveyance by the other partner of his interest for the benefit of all the creditors equally."

This clearly implies, that if the deed had been executed by both partners, the priority of partnership creditors would have been destroyed.

In Lusk v. Jones, *supra*, this Court, speaking through Judge Duvall, recognized "the right of the partners, unitedly, to dispose of the firm property, as being the same in all respects as the right which an individual has to control and dispose of his property."

In Ely v. Hair it appeared that "the deed of trust executed by Nugent, one of the members of the firm of Hair & Nugent, was made by him with the assent of the other partner."

Commenting upon the effect of this deed upon the claim of partnership creditors to priority of payment out of the effects of the partnership, the Court, per Judge Simpson, said :

"The creditors of the firm had no lien on the partnership effects, and any lien thereon which they would have derived through one of the partners, if the deed had been executed against his will, and without his assent, was lost by his act. He could not have asserted such lien himself, inasmuch as he had waived it by assenting to the execution of the deed; and the partnership creditor can only assert a lien on the partnership effects when it can be done by a member of the firm."

In Wilson v. Soper, the Court, speaking of the claim of partnership creditors to priority over individual creditors, said that, "being derivative merely, it fails whenever the

Couchman's adm'r vs. Maupin, &c.

partner has done any act by which he has divested himself of the lien, the benefit of which is claimed by the creditors.'"

These authorities would seem sufficient to settle the rule in this State to be, that, when all the partners have, by their voluntary act, waived the lien which they had upon the partnership effects, no such lien can be asserted by partnership creditors through the partners or any of them. This would seem to result, independently of direct authority, from the almost universally recognized principle that, whatever right of priority partnership creditors possess, is derived from the partners, who, collectively, possess at all times the same right to sell or control the partnership effects that an individual has to sell or control his property.

It has not been contended, and we are unable to perceive, that there is any difference between the effect of a lien created upon partnership property by the voluntary act of the partners and a lien created by the act of the law independently of, or even against their consent. In the former case, the partnership creditor has lost his right to priority because the partners have no power to assert their lien; and the partners are equally powerless in the latter case as in the former. In the language of Judge Simpson, in Ely v. Hair, "the partnership creditor can only assert a lien on the partnership effects when it can be done by a member of the firm.'" Neither Maupin nor Orear could assert a lien in his own favor, and, consequently, the partnership creditors could not assert it in their favor.

The object of the rule which gives partners a lien is to prevent the property of one partner from being taken to pay the debt of another. A partner's interest, as between the partners, consists of his proportion of the joint effects, remaining after satisfying the partnership liabilities and the

claims of the individual partners against each other.    The partner's lien is given primarily to secure to each partner his share, and not for the protection of firm creditors; and when such lien inures to their benefit, it comes to them from the partners through the operation of the doctrine of equitable subrogation.    Their right rests upon precisely the same principle upon which the right to subrogation rests in other cases, and can no more operate in favor of partnership cred- itors, after the partners have lost their lien or the right to enforce it, than in other cases where the person through whom subrogation is sought has lost the right sought to be enforced through him.

The debt in the execution was the debt of both and of each, and the rule which gives partners a lien, having for its object the protection of the partners against each other and their separate creditors, cannot be used to protect a partner against his own debt, or for the benefit of those whose sole claim against the firm effects is derived through him.

Counsel for the appellees cite and rely with considerable confidence upon the cases of O'Bannon v. Miller (4 Bush, 25) and Howell v. Com. Bank (5 Bush, 93), as establishing a different doctrine, and it must be conceded that the decisions in these cases cannot be reconciled with the views we have expressed.

No argument is made in either case in support of the conclusion reached, no authorities are cited, and no reference is made to the decisions previously rendered, which have a direct and important bearing on the question.    Those decisions are, as we conceive, not only inconsistent with the general current of both judicial and elementary authority, English and American, but are in conflict with several former decisions of this Court, especially Jones v. Lusk, Wilson v.

Soper, and Ely v. Hair, all of which seem to have been decided upon full argument and mature deliberation.

The Court did not in either case advert to the fact that the partners were bound by the levy of the attachments, and were thus disabled to assert their equitable lien, nor attempt to show upon what principle of law or equity the partnership creditors were enabled to assert, through the partners, a right derived from the partners, which the partners themselves could not assert.

It has been held in one or two of the States of the Union that firm creditors have a lien upon partnership effects, independently of the partners, but it is evident that this Court did not intend to place its decision upon that ground.

We are therefore constrained, after a careful examination and comparison of the decisions of this Court bearing upon the question, to conclude that the case of O'Bannon v. Miller, and so much of that of Howell v. Com. Bank as bears upon this question, are inconsistent with former decisions, as well as the current of authority elsewhere, and to overrule them to the extent of such conflict.

Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.