## Cogswell v. McKeogh.

1. PRACTICE: *Transfer of cause. Errors not excepted to, waived.*
   An error of the circuit court in overruling a motion to transfer a cause to the equity docket is waived if not excepted to at the time and saved in a motion for new trial.

2. SAME: *Evidence. Instructions. Errors in.*
   Errors in the admission of evidence and in instructions are waived if not excepted to at the time and insisted on in the motion for new trial.

3. PRACTICE IN SUPREME COURT: *Verdict of jury, when conclusive.*
   The verdict of a jury where the evidence is conflicting is decisive in the Supreme Court.

APPEAL from *Garland* Circuit Court.
HON. C. B. WOOD, Circuit Judge.

*Sanders & Husbands*, for appellant.

Parol evidence is not admissible *at law* to show that an instrument, absolute on its face, was intended as a mortgage. *31 Ark., 165; 37 ib., 149.* It is only in equity that

it can be done. *Notes to Chase's Case, 17 Am. Dec., 302; 21 Wend, 36; 6 Hill, 219; 16 Barbour, 439.*

The cause should have been transferred to equity, and though no exceptions were saved, yet when errors of law go to the very essence of the action and the jurisdiction of the court, the court will reverse, as in *39 Ark., 249.*

*R. G. Davies,* for appellee.

No exceptions were saved to the refusal to transfer to equity, nor to any instructions given, and objection is now too late.

The jury found for plaintiff, and there was evidence to sustain their verdict. In such cases this court will not reverse.

SMITH, J. McKeogh sued Mrs. Cogswell, alleging that he, being indebted to her, executed two mortgages, one for $608 and another for $1,500, on certain household goods and furniture, to secure said sums. That he was tenant of defendant, occupying and renting from her a hotel in Hot Springs. That the money being due and unpaid on the mortgages, they entered into a contract by which she agreed to take all the property included in the mortgages at a sum equal to the amount paid out by him for same, less whatever certain arbitrators should say the property had been damaged by use, etc., and would pay him for all improvements made by him on the hotel during his tenancy; that he gave possession of the hotel with the furniture, and afterwards she refused to submit the matter of value and damage to arbitrators, as agreed; that the mortgaged property and the improvements were of the value of $4,175.25, less $400 for use and wear. He sues at law for the difference between the mortgage debts and the

alleged value of the mortgaged property and the improvements.

The answer denies any indebtedness to the plaintiff; denies that the transaction with reference to the $608 and that part of the furniture involved by said transaction was a mortgage, but charges that it was an absolute bill of sale of that part of said property known as the Bryson & Camp furniture, for said sum of $608, and exhibits the bill of sale; denies the agreement, as stated by plaintiff, by which she took the furniture, but states that the agreement was that she was to take the furniture included in this mortgage to secure the $1,500, at such sum as certain arbitrators should say was its *real value at that date*; denies that she refused to keep the agreement as made to ascertain value, but charges that she was ready and willing to conform to the same and selected arbitrators for that purpose, and that he, in violation of the agreement, contended that the cost price of the furniture to him, less the depreciation from use, should be the basis of the settlement of value; further denies that the property was of the value of her debt against the plaintiff.

The answer concluded by a motion to transfer the case to the equity docket and for a reference to a master to take and state an account between the parties. This motion was denied.

A trial was then had, in the course of which each party testified as to the terms of the agreement under which McKeogh relinquished his right of redemption in the mortgaged chattels, the value of the property and the other matters in controversy. McKeogh swore that the bill of sale exhibited by Mrs. Cogswell with her answer, was not in fact a sale, but was intended as a mere security for money paid out by her to relieve the furniture from the claims of Bryson & Camp. And the court charged, " That

Cogswell v. McKeogh.

if the jury believed from the preponderance of the evidence that the instrument purporting to be a bill of sale was in fact given as security for money loaned or advanced plaintiff, then it was a mortgage and they will so consider it in arriving at their verdict."

The jury returned a verdict in favor of plaintiff for $879.15.

And the sole ground of the motion for a new trial is, that the verdict is against law and evidence.

It is unnecessary to decide whether the application for transfer to equity should have been granted. No exceptions were saved to the decision of the court in that matter, and the error, if any was committed, was waived. *Mansf. Dig.*, sec. *4927*; *Brewer vs. Winston, ante.*

*1. Transfer of cause, when waived.*

This court declared, in *George v. Norris, 23 Ark., 121,* that at law parol evidence is inadmissible to show that a transaction witnessed by a bill of sale was not an absolute sale, but only a mortgage; although the rule is well known to be different in equity. But Mrs. Cogswell took no exceptions either to the introduction of the testimony, or to the charge of the court. And objections to evidence or instructions come too late after verdict. They must be taken at the time and insisted on in the motion for new trial. *McCarron v. Cassidy, 18 Ark., 34; Allen v. Hightower, 21 ib., 316; Graham v. Roark, 23 ib., 19; Crump v. Starke, ib., 131; Cheatham v. Roberts, 23 Ark., 651; Burris v. State, 38 ib., 221; Peterson v. Gresham, 25 ib., 380; Knox v. Hellums, 38 ib., 413; Ray v. Light, 34 ib., 421.*

*2. Errors as to evidence and instructions must be excepted to.*

It was a question of fact for the jury to determine, whether the plaintiff's or defendant's version of the final contract of sale was the true one; and their determination in favor of the plaintiff is decisive.

*3. Finding of jury decisive.*

Judgment affirmed.