HILL *v*. DRAPER.

Decided March 28, 1891.

</div>

*Partnership—Dissolution by death—Authority of survivors.*

When an insolvent partnership is dissolved by death, surviving partners cannot transfer firm property in payment of individual debts ; and a transferee with notice will be charged as trustee at the suit of partnership creditors.

APPEAL from *Sevier* Circuit Court, in chancery.

RUFUS D. HEARN, Judge.

Draper, McElroy & Rhyne composed the mercantile firm of Draper, McElroy & Co. After Rhyne's death, the firm being insolvent, the surviving partners conveyed the stock of goods, in satisfaction of an individual indebtedness of McElroy, to John and Kelly Cowling who had full knowledge of the firm's insolvency. Hill, Fontaine & Co., creditors of the firm, brought suit in equity to subject the property in the hands of the Cowlings to the payment of their debt against the firm, alleging the foregoing facts. The court sustained a demurrer to the complaint.

*U. M. & G. B. Rose* for appellants.

The partnership assets must be applied to the payment of the partnership debts, and any device by which the property of an insolvent partnership is diverted to the payment of the debts of a single partner is a fraud upon the rights of firm creditors. 1 Bates on Part., sec. 566; 21 N. Y., 587; 52 *id.*, 146; 2 Vesey, Jr., 243; 16 Fed. Rep., 317; 5 Allen, 183; 1 Fed. Rep., 273; 47 Ill., 272; 70 Iowa, 689; 17 La. An., 75; 36 *id.*, 473; 29 Md., 311; 55 Mich., 64; 56 *id.*, 8; 12 N. H., 438; 21 N. H. (1 Foster), 462; 38 *id.*, 312; 48 *id.*, 384; 6 *id.*, 276; 3 Halst. Chy., 165; 36 N. J. Eq., 572; 3 Barb. Chy., 51; 4 Barb., 571; 34 *id.*, 31; 25 How. Pr., 246; 27 *id.*, 360; 3 Rob., 691; 2 Daly, 45; *ib.*, 231; 60 Wis., 418; *ib.*, 422; 61 How. Pr., 73; 114 Pa. St., 356; 66 Mo., 554; 70 Iowa, 689; 41 Barb., 307; 82 Ala., 169; 13 S. W. Rep., 217.

*Feazel & Rodgers* for appellee.

The demurrer was properly sustained, because—

1st. The complaint does not negative Rhyne's assent, or the assent of the representatives of his estate, to the sale. If all the partners assented to the sale, there has been no wrong to the firm's creditors. 52 Ark., 556; 8 S. W. Rep., 564; 34 Fed. Rep., 687.

2d. The surviving insolvent partners of an insolvent firm possess the ordinary rights of the firm, and as such may

make a general assignment containing preferences. 16 N. E. Rep., 365; 17 *id.*, 734; 12 Atl. Rep., 659.

3d. While in law Draper and McElroy only were liable for Cowling's debt, in equity it was a firm debt, because it was for the purchase money of goods that went into the firm and helped to continue the firm business. 52 Ark., 556; Colly. Part., sec. 125; Story, Part., 97; 5 Metc., 562; *ib.*, 585.

4th. Partnership creditors have no lien upon firm assets. They have only equities that may be worked out through the partners themselves. Story, Part., secs. 97, 326, 360; 4 S. W. Rep., 831; 3 Head, 515; 6 Lea, 567; 99 U. S., 119; 42 Ark., 430; 106 U. S., 648.

HEMINGWAY, J. The real question in this case is, When an insolvent partnership has been dissolved by the death of one of its members, can the surviving partners transfer the firm property in payment of their individual debts, and can a transferee who takes with notice be charged as trustee at the suit of partnership creditors? The question cannot be determined by the rule in cases cited as to the power of one partner, with the assent of his associates, to transfer joint effects in payment of individual debts; for the assent of the associates is a material element in such cases, which, on account of the death of one of them, can never enter into cases like this. The question stated must be determined from the relation which the surviving partners sustain toward the partnership property and creditors, and toward the representatives of the deceased partner. *Authority of surviving partner in payment of debts.*

A surviving partner is entitled to the possession and management of the firm property, but only for the purpose of settling the firm business. *Cline* v. *Wilson*, 26 Ark., 154; *Adams* v. *Ward, ib.*, 135; Pars. Part., 441. He holds as trustee for the representatives of the deceased partner, for the firm creditors, and for himself; and he is bound to manage the firm property with a view to the best interests of all concerned. 1 Lindley on Part., p. 342, and *n.*; Pars. on Part.,

p. 442; Story on Part., secs. 344–7.   He has such powers as are reasonable and proper to enable him to execute the trust, and, like other trustees, is prohibited from dealing with the property for his personal advantage.   Pars. Part., p. 442. It is strictly within the scope of his powers to apply the assets to firm debts, but wholly without such scope to apply such assets to his own debts.   In the latter case he devotes them to his personal gain, which he may not do to the detriment of the trust which he is bound to execute.

Each partner, while the relation continues, has a lien on the firm property to provide for the payment of its debts, which descends upon his death to his personal representatives; and where the survivor neglects or violates his trust, such legal representatives may have the property administered in equity, and through his right, if not otherwise, the creditors of the firm are enabled to resort to a like proceeding.  *Jones* v. *Fletcher*, 42 Ark., 422;  *Couchman* v. *Maupin*, 78 Ky., 33;  *Shanks* v. *Klein*, 104 U. S., 18;  Story on Part., sec. 347.

The very question stated has been decided by other appellate courts, and the result of the adjudications is a denial of the right of the surviving partner to transfer firm property in satisfaction of his individual debts, and an affirmance of the right of firm creditors to subject the property in the hands of such transferee with notice.   And this rule prevails in jurisdictions that affirm the right of a partner with the assent of his associates to apply joint property to individual debts, as well as in those that deny such right.  *Scott* v. *Tupper*, 8 S. & M. (Miss.), 280;  *Allen* v. *National Bank*, 6 Lea (Tenn.), 558;  *Hutchinson* v. *Smith*, 7 Paige, 26;  *Holland* v. *Fuller*, 13 Ind., 195;  *Roach* v. *Brannon*, 57 Miss., 490.

As the surviving partner's interest in the partnership property consists only of his portion of it after all its debts are paid, one who holds under him by an unauthorized transfer, with notice, can have no greater interest.  *Scott* v. *Tupper*, 8 S. & M., *supra.*

If the principles herein announced are correct, it would follow that the demurrer to the complaint should have been overruled.

The judgment will be reversed and the cause remanded, with directions to overrule the demurrer.