CASE 71—MOTION BY BORCHES & CO. AGAINST E. T. BELLIS ET AL. FOR JUDGMENT ON A CLAIMANT'S BOND—APRIL 25.

# Borches, &c., v. Bellis, &c.

· APPEAL FROM BELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

MOTION ON CLAIMANT'S BOND—DISCRETION OF COURT AS TO REQUIRING WRITTEN PLEADINGS—BURDEN OF PROOF.

Held: 1. Under Civil Code Practice, section 449, providing that, in cases in which judgment may be obtained on motion, "the motion may be heard and determined upon or without written pleadings," the question whether the pleadings shall be in writing or not is addressed to the discretion of the court.

2. Civil Code Practice, section 648, providing that, in a motion for judgment on a bond executed by the claimant of property on which an execution has been levied, the court shall "direct which party shall be considered plaintiff in the issues," is to. be read in connection with section 526, providing that the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side; and where the pleadings are oral the court should require each party to state his case, and from that statement prescribe what the issue is, and on whom the burden of proof lies.

3. Where the pleadings were oral and there is nothing to show on what the trial judge acted in ruling the burden of proof to be upon plaintiffs, it will be presumed that he acted properly.

4. Where plaintiff has shown that the sheriff found the property in the possession of the execution defendant, and levied upon

it as his property, this makes out a *prima facie* case, and the burden of proof is then on the claimant to show his title.

5. Where the claimant relies for title upon an alleged purchase from the execution defendant, the burden of proof is on him.

N. B. HAYS & G. W. SAULSBERRY, ATTORNEYS FOR APPELLANT.

On May 5, 1899, appellants recovered in the Bell Circuit Court a judgment against appellee, E. T. Bellis, for $526.88 with interest from Nov. 2, 1898, on which an execution was issued July 3, 1899, and levied on the property in controversy herein. On July 17, 1899, the property having been advertised for sale on that day, appellee, J. F. Harkness, appeared and claimed said property and on said date the sheriff caused the property to be appraised and took from said claimant a bond as required under section 645 Civil Code, and made his return thereof.

On October 4, 1899, appellants, by a notice filed in the Bell Circuit Court, duly executed on J. F. Harkness, principal, and Henry Steele and R. C. Ford, sureties, and entered a motion therein for judgment on said bonds as provided in section 648 of the Civil Code, and thereafter on October 28, 1899, the court prescribed the issue to be tried therein by order to-wit: That the ownership of the property levied on by the sheriff, under the execution against said defendant, Bellis, was the issue to be tried. The court further ordered that the burden of proof was on the plaintiffs to said motion, to which the appellant then excepted. This is the first error complained of; we claim that the burden was on the claimant of the property.

The second error complained of is that the court erred in peremptorily instructing the jury to find for the defendants. The evidence offered by appellants consisted of the judgment, execution, levy, appraisement return and claimant's bond and the testimony of the sheriff who made the levy that the defendant Bellis was in possession of said goods at the time he made the levy, and the testimony of Wood that he has known Bellis for eight or nine years, and that he has always been engaged in the grocery business in Middlesboro, and is still in the same house and business as heretofore. With this proof before the jury the court peremptorily instructed the jury to find for defendants over the objection of the appellants. Ky. Stats. sec. 1908; Merelon v. Ragan, &c., 5 Bush, 334; Civil Code, sec. 645.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellants recovered a judgment in the Bell Circuit Court against E. T. Bellis. They had an execution issued on the judgment, and levied upon a lot of merchandise as

his property. Before the sheriff sold the property under the execution, appellee Harkness, under section 645 of the Civil Code of Practice, executed a claimant's bond; and thereupon the sheriff surrendered the property, and returned the bond, with his execution, after having the property appraised. Appellants then entered a motion, under section 648 of the Code, for judgment against Harkness and his sureties on the bond. No written pleading was filed, and the court prescribed the ownership of the property as the issue to be tried, and ruled that the burden of proof was on appellants. To this ruling they excepted, and introduced proof showing, in substance, that the property was in the possession of the execution defendant; that he was then running the store, and had been for some time in possession of the property. Appellants then rested, and on appellee's motion the court instructed the jury permeptorily to find for the defendants, which was done.

Section 645 of the Code provides: "The sale of personal property upon which an execution is levied shall be suspended at the instance of any person—other than the defendant in the execution—claiming the property who shall execute with one or more sureties sufficient for double its value, a bond to the plaintiff in the execution to the effect that if it shall be adjudged that the property or any part of it is subject to the execution he will pay to the plaintiff the value of the property so subject," etc. Section 648 provides for a judgment on the bond on ten days' notice, and then adds: "The court shall direct a jury to be empaneled and cause such issue to be tried as it may prescribe and direct which party shall be considered plaintiff in the issues." This class of proceedings is also regulated by sections 446-449, regulating the character of the notice, and how the motion may be made; also this: 'The motion may be heard

and determined upon or without written pleading, and judgment shall be given according to law and the rules of equity." Whether the pleadings shall be in writing or not is a question addressed to the discretion of the court. Couchman's Adm'r v. Maupin, 78 Ky., 33. By section 526 of the Civil Code of Practice the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side. The provision of section 648, above quoted, that the court shall direct, in a case like this, which party shall be considered plaintiff in the issue, must be read in connection with this section. If the pleadings are in writing the court should from them determine who would be defeated in the case if no evidence was offered. Where the pleadings are not in writing, but oral, the court must decide the question in the same way. He should require the parties each to state his side of the case to him, and from the statement prescribe what the issue is, and on whom the burden of proof lies. As the pleadings in this case were oral, and we have no means of knowing upon what the circuit judge acted in ruling the burden of proof to be upon the appellant, we must presume he acted properly. But when appellant had shown that the sheriff found the property in the possession of the execution defendant, and levied upon it as his property, this made out a *prima facie* case, and the burden of proof was then upon the claimant to show the nature of his claim to the property. Appellant was not required to show that Harkness did not own the property. The proof of his title must rest on him. When the claimant relies for title upon an alleged purchase from the execution defendant, the burden of proof in the action is on him; for this defense necessarily admits title in the defendant, and the pre-

sumption is in favor of the continuance of the title in him until the contrary is shown. Ordinarily the burden of proof rests on the party holding the affirmative of an issue, especially where the facts are presumptively within his knowledge. Judgment reversed, and cause remanded for further proceedings consistent with this opinion.