CANNON v. HARMON, TRUSTEE.

Opinion delivered June 5, 1916.

PARTNERSHIP—ENFORCEMENT OF CLAIM—PARTIES—PARTNERSHIP CONTRACT.—All the partners are proper and necessary parties plaintiff in an action to enforce a partnership claim. A contract made in the name of a partnership is a contract made with all of the partners jointly, and all must join in an action to enforce it.

Appeal from Union Chancery Court; *J. M. Barker,* Chancellor; reversed.

*Geo. M. LeCroy,* for appellant.

One partner cannot foreclose for his *pro rata* of a partnership debt. 110 U. S. 215; 93 Ark. 451. The testimony shows a failure of consideration and false representations.

HART, J. On the 26th day of March, 1912, W. M. Cannon executed a deed of trust on thirty acres of land in Union County, Arkansas, to J. W. Harmon as trustee to secure a note for $60, payable to McWilliams & Sample, a partnership. The note represented the purchase price of a mule sold by the partnership to Cannon. After the note became due F. L. Sample, a member of the firm of McWilliams & Sample, caused the trustee named in the deed of trust to advertise the land for sale to satisfy

an indebtedness of $33.75 which he claimed to be the amount of the partnership debt due him. Cannon instituted this action in the chancery court against the trustee and Sample to restrain them from foreclosing the deed of trust on the ground that one member of a partnership could not foreclose the same to satisfy his *pro rata* of the indebtedness due the partnership. He further alleged that the execution of the note was procured by false representations and that the mule was wholly worthless at the time he purchased it. He asked that the note and mortgage be cancelled and that the foreclosure of the deed of trust be enjoined. The defendants denied the material allegations of the complaint.

The plaintiff, Cannon, testified in his own behalf. He admitted the execution of the note and mortgage. He stated that Sample, one of the members of the firm, represented to him that the mule was perfectly sound and was only ten years old and that he relied upon this representation because he did not know anything about mules. Other witnesses for the plaintiff testified that the mule was about thirty years old and was what is known as a "snide" mule. That is to say, they testified that the mule was a good-looking one but was not capable of doing any work.

Sample testified that he made no representations whatever to Cannon when he purchased the mule and did not tell him that the mule was only ten years old. He admitted that he and McWilliams owned the mule as partners.

The chancellor found in favor of the defendants and from the decree entered of record the plaintiff has appealed.

All the partners are proper and necessary parties plaintiff in an action to enforce a partnership claim. 30 Cyc. 561; *Coleman* v. *Fisher,* 67 Ark. 27; *Summers* v. *Heard,* 66 Ark. 550; *Matthews* v. *Paine,* 47 Ark. 54; *Ingham Lumber Co.* v. *Ingersoll,* 93 Ark. 447.

The reason is that a contract made in the name of a partnership is a contract made with all of the partners

jointly. Hence, all must join in an action to enforce it. There is nothing in the record to show that Sample had acquired from McWilliams his interest in the note and mortgage which was demanded to be foreclosed and that he had become the exclusive owner thereof. Nor does it appear from the record that McWilliams refused to join in the foreclosure of the mortgage. He was a necessary party to the proceeding to foreclose the mortgage and the court should have granted an injunction to the plaintiff to prevent Sample from foreclosing the mortgage without making his partner a party to the proceedings. Having reached this conclusion, it is not necessary to determine whether the chancellor should have sustained the plea of no consideration or that the execution of the note was procured by false representations.

It follows that the decree must be reversed and the cause will be remanded with directions to the chancellor to enjoin the trustee and Sample from foreclosing the mortgage to satisfy the *pro rata* part of the partnership indebtedness alleged to be due Sample.