BRITTAIN *v.* MAMMOTH SPRING MOTOR CO.

5-2371                                              345 S. W. 2d 373

Opinion delivered April 17, 1961.

*Shelby C. Ferguson* and *H. M. Ellis,* for appellant.

*Oscar E. Ellis,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellee to collect an automobile repair bill of $281.21 and to foreclose a repairman's lien upon the vehicle. The appellant failed to plead within the time allowed, and the court entered a default decree for the plaintiff. The appellant insists that the complaint does not state a cause of action and that the entry of the default judgment was therefore a reversible error. *Thompson* v. *Dildy,* 227 Ark. 648, 300 S. W. 2d 270.

The appellant is partly correct. The complaint does not allege a valid lien, for the account was not filed with the circuit clerk within 90 days after the work was done. Ark. Stats. 1947, § 51-409. The complaint asserts that the work was performed on March 20 and that the account was filed on June 29. An exhibit to the complaint indicates that the work may have been done on March 30, but even if that date is correct the account was still filed too late, as June 29 is the 91st day after March 30. *Peebles* v. *Eminent Household of Columbian Woodmen,*

111 Ark. 435, 164 S. W. 296; *Pinnacle Old Line Ins. Co.* v. *Ellis,* 228 Ark. 458, 307 S. W. 2d 882. Hence the court erred in entering a decree of foreclosure.

On the other hand, the plaintiff was entitled to a money judgment upon its verified account, without further proof. *Walden* v. *Metzler,* 227 Ark. 782, 301 S. W. 2d 439. It is true that equitable jurisdiction depended upon the existence of a valid lien, but in the absence of a timely motion to transfer the case to law the chancellor was undoubtedly authorized to enter a money judgment for the amount due. *Sessions* v. *Ballard,* 160 Ark. 146, 254 S. W. 446.

The order of foreclosure is set aside, and with that modification the decree is affirmed.