## Howard WEEMS *v.* Purl Fuss BOILLOT

75-370            .       535 S.W. 2d 817

Opinion delivered April 26, 1976
[Rehearing denied May 24, 1976.]

*Epley & Epley, Ltd.*, by: *Alan D. Epley*, for appellant.

*Maberry & Buice*, by: *R. Edward Buice*, for appellee.

GEORGE ROSE SMITH, Justice. This is an appeal from the trial court's refusal to set aside a default judgment in an action upon a promissory note. There were two defendants, Howard Weems and McKinley Weems, co-makers of the

note. Howard alone appeals. Although three points for reversal are argued, the principal issue is whether the court erred in simultaneously setting aside the default judgment against McKinley but refusing to set it aside as to Howard.

The original amount of the note was $7,029.73. The complaint alleged, and an indorsement on the note showed, a part payment of $3,252.45, leaving an unpaid balance of $3,-777.28. No answer having been filed by either defendant within 20 days after the ostensible service of summons, the plaintiff filed a motion for a default judgment. The court granted that motion, the judgment reciting that evidence for the plaintiff was introduced, with exhibits and other matters and proof.

The defendants jointly filed a motion to set aside the judgment. McKinley asserted that, contrary to the sheriff's return, he was not actually served with a summons. The proof was that Howard asked the deputy sheriff to leave both summonses with Howard, but Howard failed to tell McKinley anything about the matter. There is no appeal from the trial court's finding that McKinley was not properly served and that the default judgment against McKinley should be set aside.

Howard was properly served, but in the motion he asked that the default judgment against him be set aside on the ground that it was for an excessive amount, as he had made a payment of $6,000 upon the note. The court denied Howard's application for relief, holding that Howard had shown no unavoidable casualty, excusable neglect, or other just cause for his failure to file a timely answer. Ark. Stat. Ann. § 29-401 (Repl. 1962).

In seeking a reversal Howard relies primarily upon a one-sentence decision, apparently written by our court reporter in an 1842 case: "HELD, that when there are several defendants, one of whom is not served with process, nor appears, and judgment taken by default, against all, it is erroneous as to all." *Moss v. Gibson,* 4 Ark. 427 (1842). No other Arkansas case on the point is cited.

The *Moss* decision is no longer a correct statement of the law, for either of two reasons. First, its basis was the common-law theory that a judgment is an indivisible entity, which cannot be vacated only in part. There is really no sound basis for the rigid common-law view. Consequently only about five jurisdictions now adhere to that position, with 20 or more taking the opposite view. Annotation, 42 A.L.R. 2d 1030 (1955). The annotator cites several cases holding that the judgment may be set aside in part when, as here, one of the defendants was not properly served with process.

Secondly, the Civil Code, adopted in 1868, cannot be reconciled with the earlier notion that a judgment is an unbreakable unit. The Code declares that in an action against several defendants the court may render a judgment against one or more of them, leaving the action to proceed against the others. Ark. Stat. Ann. § 29-103 (and see § 29-104). That part of the Civil Code was construed in a case that came before us twice: *Parke* v. *Meyer*, 27 Ark. 551 (1872), and *Parke* v. *Meyer*, 28 Ark. 281 (1873). There, as here, one defendant was served with process, the other was not. A default judgment was entered against the former. Upon his appeal we cited the Civil Code provision and sustained the trial court's discretionary power to enter a default judgment against one defendant only. We adhere to that view and consequently reject the appellant's insistence that the *Moss* case requires the default judgment against Howard Weems to be set aside. Whether a more favorable subsequent judgment against McKinley Weems may inure to Howard's benefit, under such cases as *Burt* v. *Henderson*, 152 Ark. 547, 238 S.W. 626 (1922), need not be determined now, for that possibility may never become an actuality. It is not our practice to decide abstract questions of law.

The other two points for reversal may be disposed of together. It is argued that after Howard Weems failed to file an answer he was entitled to notice that a hearing would be had upon the question of how much he owed and that he could not constitutionally be denied that notice. We do not agree. The summons served upon him carried the statutory warning that he was required to answer within 20 days, under the penalty of the complaint's being taken as confessed.

Ark. Stat. Ann. § 27-306. One explicit warning is sufficient. *Mann v. Ray Lee Supply,* 259 Ark. 565, 535 S.W. 2d 65 (1976). Our holding in *Kohlenberger v. Tyson's Foods,* 256 Ark. 584, 510 S.W. 2d 555 (1974), is easily distinguishable, for there the defendant appeared in the case, albeit belatedly, and contested the plaintiff's unliquidated claim for damages. This appellant failed to file any pleading until after the court had entered a default judgment, apparently upon proper proof adduced by the plaintiff. *Brittain v. Mammoth Spring Motor Co.,* 233 Ark. 468, 345 S.W. 2d 373 (1961).

Affirmed.

BYRD, J., dissents.