STATE EX REL. LANG, Petitioner, vs. CIVIL COURT OF MILWAUKEE COUNTY and another, Respondents.

*May 20—June 21, 1938.*

For the petitioner there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondents there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Gene L. Green,* assistant district attorney, and oral argument by *Mr. Green.*

FRITZ, J. The purpose of the writ sought herein is to enjoin the civil court from proceeding further in the bastardy action mentioned above, pursuant to an order made by Judge RUNGE on December 23, 1936, by which a judgment entered October 10, 1934, was declared void and vacated, and a new hearing granted. Inasmuch as the respondents' motion to quash is equivalent to a general demurrer (*State ex rel. Allis v. Wiesner,* 187 Wis. 384, 204 N. W. 589), the following facts alleged in the petition, or in effect incorporated therein by statements in exhibits made a part thereof, must be deemed admitted. Prior to and on October 10, 1934, Harry Lang, the petitioner herein, appeared in person and by his attorney, Martin J. Brennan, in the bastardy action before Judge RUNGE, and Helen Bunzel, the complaining witness, appeared therein by Harold Lenicheck, an assistant district attorney, and N. Paley Phillips, her private counsel; and Lang through his attorney and the

complaining witness through the assistant district attorney entered into a stipulation in open court, with the court's consent and approval, pursuant to which findings and judgment were entered in which it was recited and provided (so far as here material) :

"The issues in this action having been brought to trial in their regular order . . . ; the plaintiff appearing by Harold A. Lenicheck, assistant district attorney, the defendant in person and by Martin J. Brennan, his attorney; proof having been submitted therein . . . and the defendant having been found guilty as charged . . . and the court being fully advised in the premises, it is

"FOUND AND ADJUDGED"

that the complainant on September 10, 1934, gave birth to an illegitimate child of which Lang is the father; that the amount due for lying-in expenses and the support of the child is $87.92, which Lang is adjudged to pay to complainant; that he shall also pay $10 per month, beginning November 1, 1934, until the child is sixteen years of age, for its support and maintenance—

"provided that said defendant may satisfy said judgment in full by paying said costs, disbursements, lying-in expenses, and in lieu of the instalment payments hereinbefore provided, the lump sum" of $500 "(at any time within sixty days from the date hereof) (or) in monthly instalments of fifty ($50) dollars each" beginning November 1, 1934, and "in the event of default in the payment of any monthly instalments, the entire lump sum shall become due forthwith; . . ."

In addition, the following facts alleged in the petition must be deemed admitted. In August, 1935, the complaining witness, through her private counsel, moved to modify the judgment by increasing the weekly payments or the lump sum settlement; and prior to any decision on that motion the assistant district attorney, in April, 1936, also made a motion to that effect. On December 23, 1936, Judge RUNGE ordered

the judgment vacated and a hearing and further proceedings in the action. Lang had paid the lying-in expenses and the $500 under the judgment by September, 1935.

Lang's principal contention herein is that the civil court was without jurisdiction to proceed in accordance with its order of December 23, 1936, vacating the judgment entered October 10, 1934, for the reason that the order was void because it was not made within one year,—as required under sec. 269.46, Stats.,—after the moving parties had notice of the entry of judgment on October 10, 1934. That contention must be sustained unless, as the respondents contend, the judgment was void and could therefore be so expunged at any time under the rule that "A judgment which is a nullity may be so expunged on motion at any time." *Sackett v. Price County,* 130 Wis. 637, 110 N. W. 821; *Godfrey v. Wright,* 151 Wis. 372, 374, 139 N. W. 193; *Spencer v. Osberg,* 152 Wis. 399, 140 N. W. 67; *Fischbeck v. Mielenz,* 162 Wis. 12, 154 N. W. 701. In that connection the respondents, claim that the judgment was void for lack of jurisdiction in the court to render it, because (1) it was not based on proof or a stipulation, as required under sec. 166.07, Stats., in a statutory bastardy action under ch. 166, Stats.; and because (2) the provisions in the judgment are indefinite and incompatible, and in disregard of the form and legal effect prescribed in sec. 166.11 (1), Stats. It is true, as respondents argue, that as the proceeding is statutory in its origin, the legislature was authorized to and did fix the issues and the manner in which they should be tried (*Francken v. State,* 190 Wis. 424, 209 N. W. 766); that statutory powers conferred upon a court of inferior jurisdiction must be exercised and executed in substantially the manner prescribed by the statute, or the judgment will be void (33 C. J. p. 1064); and that, although a court may have had jurisdiction of such an

action, it may lose it and do acts therein without the authority of the law which will then be void for want of jurisdiction (*Two Rivers Mfg. Co. v. Beyer,* 74 Wis. 210, 42 N. W. 232). However, that argument is obviously not applicable herein because, although the respondents claim that the judgment was not based on a stipulation or proof, they are bound by the above-mentioned statements in Lang's petition, and the findings attached thereto,—which respondents have admitted by their motion to quash,—that the findings and judgment were entered pursuant to a stipulation and settlement in open court between Lang, acting through his attorney, and the complaining witness, acting through the assistant district attorney, and were based upon proof submitted on the trial of the issues in the action. In view of the facts thus admitted, the court must be deemed to have had power to make and enter findings and judgment in so far as the provisions in the latter were authorized under sec. 166.11, Stats.

However, in entering judgment in such a statutory proceeding, the court was obliged to act in conformance with sec. 166.11, Stats., and could not disregard the form or legal effect prescribed in the following provisions in sub. (1) thereof, to wit:

"Payments for such future support shall be directed to be made in either of the two following methods: (a) Payment of a specified monthly sum until the child is sixteen years of age; (b) payment of a specified lump sum within sixty days after entry of judgment or in specified monthly instalments subject to the condition that upon default in any instalment the entire amount shall become due and payable."

Under those provisions the court was authorized to adjudge,—as it did,—the payment of $10 per month until the child was sixteen years of age; and that portion of the judgment is clearly valid and effective. But under the provision that "Payments . . . shall be directed to be made in either of the two following methods," the court was unauthorized

and without jurisdiction to provide in the judgment,—in connection with adjudging that $10 per month should be paid until the child is sixteen years of age,—that Lang could, at his own option or election, satisfy the judgment in full by paying, in lieu of the $10 monthly instalments until the child is sixteen years of age, but a lump sum of $500 at any time within sixty days or in monthly instalments of $50 each, commencing on November 1, 1934. The statute does not authorize or empower the court to vest any such option or election in Lang. Although the court was empowered to decide in which one or the other of the two permissible methods prescribed by the statute payment should be adjudged,—*i. e.,* either by "(a) Payment of a specified monthly sum until the child was sixteen years of age," or by "(b) payment of a specified lump sum" within sixty days or in specified monthly instalments,—it was clearly without power to abdicate its jurisdiction and judicial function in that respect to Lang. Therefore, in so far as the judgment purports to vest that option in Lang, it was in excess of the court's jurisdiction, and there is applicable thereto the rule that the "portion of an order, judgment, or decree of a court that has jurisdiction of the subject matter and the parties to a controversy which is in excess of that jurisdiction is as futile as an entire decree without any jurisdiction." *Michigan Trust Co. v. Ferry* (8th Cir.), 175 Fed. 667, 677; *Maslen v. Anderson,* 163 Mich. 477, 128 N. W. 723, 726; *Bigelow v. Forrest,* 9 Wall. 339, 19 L. Ed. 696; *Day v. Micow,* 18 Wall. 156, 21 L. Ed. 860; *Foltz v. St. Louis & S. F. R. Co.* (8th Cir.) 60 Fed. 316, 320; *Roth v. Union Nat. Bank,* 58 Okla. 604, 160 Pac. 505, 507; 1 Bailey, Jurisdiction, p. 19, sec. 22. Consequently, the provision for the payment of a lump sum is void in its entirety and a nullity, which should be discarded without the impairment of the validity of the authorized provision in the judgment requiring Lang to pay $10 monthly until the child

is sixteen years of age. It follows that the court erred in setting aside and expunging the judgment in its entirety.

The respondents also contend that under sec. 166.12, Stats., the court continued to have jurisdiction on December 23, 1936, to modify the judgment, because Lang had failed to pay the specified lump sum in the $50 instalments as they accrued under the judgment. Although sec. 166.12, Stats., provides that,—

"Whenever the judgment for the future support of the child has not been satisfied by the payment of the lump sum directed to be made, the court shall have continuing jurisdiction over proceedings brought to compel support and to increase or decrease the amount thereof until the judgment of the court has been completely satisfied"—

it must be noted that its provisions are applicable only when there has been a valid adjudication for the payment of a lump sum. But furthermore, even if there had been such an adjudication, the allegation in the petition, which is admitted by respondents' motion to quash, that Lang in September, 1935, paid the last instalment of the specified lump sum in accordance with the provision of the judgment, would render sec. 166.12, Stats., inapplicable because thereunder jurisdiction would continue only until the judgment was satisfied, and not until December 23, 1936, when the order vacating the judgment was made.

It follows that the petitioner is entitled to the issuance of the writ.

*By the Court.*—A writ of prohibition will be issued in accordance with the prayer of the petition.