**MINNESOTA BREWING COMPANY,**
Respondent,

v.

**EGAN & SONS CO., Appellant.**

No. C3–96–1724.

Court of Appeals of Minnesota.

March 11, 1997.

Review Granted May 20, 1997.

Ted E. Sullivan, Eric A. Nerness, William L. Davidson, Lind, Jensen, & Sullivan, P.A., Minneapolis, for Respondent.

William M. Bradt, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Appellant.

Considered and decided by WILLIS, P.J., and PARKER and PETERSON, JJ.

## OPINION

WILLIS, Judge.

Egan and Sons Company appeals from a district court order denying the parties' cross-motions for summary judgment and certifying two questions to this court as important, doubtful, and controlling. The certified questions are:

(1) Is [appellant Minnesota Brewing Company (MBC)] precluded from suing Egan for contribution for workers' compensation benefits when Egan's employee injured MBC's employee while both employees were working as coemployees?

(2) If not, what cause of action does MBC have against Egan?

We answer certified question no. 1 in the negative and certified question no. 2: a claim for non-fault-based contribution.

## FACTS

Albert Berget was employed by MBC and its predecessor, Schmidt Brewery. Egan is a plumbing and pipefitting contractor that had performed repair and maintenance services for Schmidt over the years. In October 1991, Egan agreed to perform maintenance and repair services for MBC that were necessary to make the brewery operational again.

On November 14, 1991, Egan's employees were repairing valves on a tank in the swirl room, where beer is heated and cooked. An Egan employee removed from the tank the valves to be repaired, and Berget entered the swirl room and was burned by hot beer spilling from the swirl tank. Berget began a personal injury action against Egan, alleging that Egan's employee negligently removed the valves.

The district court entered summary judgment for Egan on grounds that Egan and MBC were engaged in a common enterprise, Berget had elected to receive workers' compensation benefits from MBC, and, therefore, Berget's personal injury action against Egan was barred. Berget appealed. While the appeal was pending, Berget and Egan entered into a *Naig* settlement, which reserved MBC's right to recover from Egan workers' compensation paid and payable to Berget. *See Naig v. Bloomington Sanitation,* 258 N.W.2d 891, 893–95 (Minn.1977) (holding that employer retains its subrogation interest when employee settles with third-party tortfeasor in personal injury action). The appeal was dismissed.

Following the *Naig* settlement, MBC sued Egan for reimbursement of workers' compensation benefits. MBC filed a motion for summary judgment, seeking one-half of the workers' compensation benefits paid and payable, plus attorney fees and costs. Egan filed a cross-motion for summary judgment, seeking dismissal of MBC's claim. The district court denied both parties' motions.

The district court made no findings on the relationship between MBC and Egan, but stated in its memorandum:

Egan defended [against Berget's personal injury lawsuit] on the basis that Egan's employees acted as a member of a common enterprise with Berget's employer, [MBC]. Judge Markert agreed with [Egan] and granted summary judgment. As a result of this decision, Berget's claim was limited against [Egan] to a [workers'] compensation claim. [Egan] predicated their common enterprise argument on the fact that

it employed pipe fitters and the pipe fitters were sent to MBC to try and get the old Schmidt Brewery running again. [Egan] also argued persuasively in front of Judge Markert that there had been an ongoing relationship between [Egan] and [MBC's] predecessor, the Schmidt Brewing Company. That relationship lasted for several years.

The district court concluded that MBC could seek reimbursement from Egan for workers' compensation benefits pursuant to Minn.Stat. § 176.061, subds. 1, 3, but certified the question to this court.

## ISSUES

I. Is MBC entitled to reimbursement from Egan for workers' compensation benefits pursuant to Minn.Stat. § 176.061, subds. 1–4 (1990)?

II. If so, what cause of action does MBC have against Egan?

## ANALYSIS

A party may appeal to this court

if the trial court certifies that the question presented is important and doubtful, * * * from an order which denies a motion for summary judgment.

Minn.R.Civ.App.P. 103.03(h).

### I.

■ Statutory construction is a question of law subject to de novo review. *Doe v. Minnesota State Bd. of Med. Examiners,* 435 N.W.2d 45, 48 (Minn.1989).

The Workers' Compensation Act contains an election of remedies provision, applicable when the employer and a third party are engaged in a "common enterprise" or "in the accomplishment of the same or related purpose." Minn.Stat. § 176.061 (1990) provides:

Subdivision 1. **Election of remedies.** If an injury or death for which benefits are payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer and at the time of the injury or death that party was insured or self-insured in accordance with this chapter, the employee, in case of injury, * * * may proceed either at law against that party to recover damages or against the employer for benefits, but not against both.

\* \* \* \* \* \*

Subd. 3. **Election to receive benefits from employer; subrogation.** If the employee * * * elect[s] to receive benefits from the employer, or the special compensation fund, the employer or the special compensation fund has a right of indemnity or is subrogated to the right of the employee or the employee's dependents to recover damages against the other party. The employer * * * may bring legal proceedings against the party and recover the aggregate amount of benefits payable to or on behalf of the employee or the employee's dependents, together with costs, disbursements, and reasonable attorney's fees of the action.

\* \* \* \* \* \*

Subd. 4. **Application of subdivisions 1, 2, and 3.** The provisions of subdivisions 1, 2, and 3 apply only if the employer liable for benefits and the other party legally liable for damages are insured or self-insured and engaged, in the due course of business in, (a) furtherance of a common enterprise, or (b) in the accomplishment of the same or related purposes in operations on the premises where the injury was received at the time of the injury.

The rationale for limiting the liability of a third-party tortfeasor that is engaged in a common enterprise with the employer is that

if the third party bore a certain relation to the employer, and was itself under the compensation act, then the [employee] should be confined to his remedy under the compensation act. From a civic, economical and sociological point of view this position is sound. The reasoning rests upon the fact that the [employee] should get from the third party the same award that he would get from his own employer if it alone were responsible for the acts proximately causing his injury. Being engaged in a 'common enterprise' or in the 'accomplishment of the same' or 'related purposes' in operation on the premises puts all the employers so engaged in the relative, if

not actual, position of an employer of any such [employee]. * * * In short, the community of interest gives the third party, who is subject to the compensation act, under this statute the status of an employer toward the [employee].

*O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 894–95 (Minn.1996) (quoting *Rasmussen v. George Benz & Sons*, 168 Minn. 319, 325, 210 N.W. 75, 77 (1926)).

■ A common enterprise exists when the following elements are present:

(1) The employers must be engaged on the same project;

(2) The employees must be working together (common activity); and

(3) In such fashion that they are subject to the same or similar hazards.

*Id.* at 894 (emphasis omitted).

Although the district court did not specifically find that MBC and Egan were engaged in a common enterprise, the finding is implicit in its conclusion that section 176.061, subdivisions 1 and 3, applies to MBC's claim against Egan. Also, the district court's memorandum indicates that it agrees with the previous court's conclusion in the personal injury action that Egan and MBC were engaged in a common enterprise. For these reasons, and because Egan does not dispute the existence of a common enterprise, we conclude that Egan and MBC were engaged in a common enterprise.

■ When an employer and a third party are engaged in a common enterprise and the employee elects to receive benefits from the employer, "the employer * * * has a right of indemnity or is subrogated to the right of the employee * * * to recover damages against the [third] party." Minn.Stat. § 176.061, subds. 3, 4. When an employer and a third party are engaged in a common enterprise, the third party is a coemployer of the employee for purposes of the Workers' Compensation Act. *See Peterson v. Little–Giant Glencoe Portable Elevator Div. of Dynamics Corp. of Am.*, 366 N.W.2d 111, 116–17 (Minn. 1985) (explaining that when a party is immune from tort suit pursuant to Minn.Stat. § 176.061, subds. 1–4, the party is a coemployer for purposes of the Workers' Compen-

sation Act). The employer may bring a legal action against the coemployer to recover workers' compensation benefits. Minn.Stat. § 176.061, subd. 3; *see also Peterson*, 366 N.W.2d at 116 (concluding coemployer is liable to pay for employee's workers' compensation benefits through employer's subrogation rights). Because MBC and Egan were engaged in a common enterprise, MBC is entitled to recover workers' compensation benefits from Egan pursuant to Minn.Stat. § 176.061, subds. 1–4.

Egan argues that it is immune from suit under Minn.Stat. § 176.061, subd. 5 (1990). But Minn.Stat. § 176.061, subd. 5, applies only when "the provisions of subdivisions 1, 2, 3, and 4 do not apply." Minn.Stat. § 176.061, subd. 5, thus, does not apply to this case.

## II.

■ Having concluded that MBC is entitled to recover workers' compensation benefits from Egan, we must next determine the amount to which it is entitled. The supreme court has explained the distinction between contribution and indemnity as follows:

"Contribution is the remedy securing the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable the proportionate share which the other should pay or bear. Contribution rests upon principles of equity. Indemnity is the remedy securing the right of a person to recover reimbursement from another for the discharge of a liability which, as between himself and the other, should have been discharged by the other. Indemnity is generally said to rest upon contract, either express or implied. However, there are numerous exceptions and situations in which a contract is implied by law, and contract, therefore, seems to furnish too narrow a basis. In the modern view, principles of equity furnish a more satisfactory basis for indemnity.

"Contribution and indemnity are variant remedies used when required by judicial ideas of fairness to secure restitution. Although similar in nature and origin and having a common basis in equitable princi-

ples, they differ in the kind and measure of relief provided. Contribution requires the parties to share the liability or burden, whereas indemnity requires one party to reimburse the other entirely. Differing thus in their effect, these remedies are properly applicable in different situations. Contribution is appropriate where there is a common liability among the parties, whereas indemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties."

*Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 123–24, 257 N.W.2d 679, 685–86 (1977) (quoting *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 370–71, 104 N.W.2d 843, 846–47 (1960)).

In *Peterson*, the supreme court concluded that a coemployer was liable for contribution to a third-party tortfeasor not involved in the employment relationship. *Peterson*, 366 N.W.2d at 117. The court explained that because a coemployer acts as an employer, a coemployer's liability to a third-party tortfeasor not involved in the employment relationship is determined by the same rules that govern an employer's liability. *Id.*

> [E]mployers held to be engaged in a joint enterprise under [Minn.Stat. § 176.061, subds. 1–4,] are collectively liable to the employee for workers' compensation benefits and stand together in the same shoes.

*Id.*

We find *Peterson*'s reasoning applicable here. Under the Workers' Compensation Act, a coemployer is treated like an employer for purposes of a lawsuit by an employee. *See* Minn.Stat. § 176.031 (1990) (providing employer's liability under Workers' Compensation Act is exclusive and in place of any other liability to employee); Minn.Stat. § 176.061, subds. 1–4 (providing when employee elects to receive workers' compensation benefits, employee may not proceed at law against third party engaged in common enterprise with employer). A coemployer is treated like an employer for purposes of liability for contribution to a third-party tortfeasor not involved in the employment relationship, *Peterson*, 366 N.W.2d at 117, and

the same principle should apply to determine a coemployer's liability to an employer for workers' compensation benefits paid and payable. We therefore conclude that a coemployer is liable to an employer for contribution, not indemnity.

"Every employer is liable * * * to pay [workers'] compensation * * * without regard to the question of negligence." Minn. Stat. § 176.021, subd. 1 (1990). Because an employer's obligation to pay benefits is determined without regard to fault and because a coemployer stands in the same shoes as an employer, an employer and a coemployer share equally the burden to pay workers' compensation benefits. An employer's liability for workers' compensation benefits includes benefits paid and payable. *Peterson*, 366 N.W.2d at 116–17. MBC, thus, may recover from Egan 50% of workers' compensation benefits paid and payable to Berget. MBC also is entitled to recover costs, disbursements, and reasonable attorney fees from Egan pursuant to Minn.Stat. § 176.061, subd. 3.

■ MBC argues that it is entitled to indemnity from Egan under Minn.Stat. § 176.061, subd. 10 (1990), which provides:

> Notwithstanding the provisions of chapter 65B or any other law to the contrary, an employer has a right of indemnity for any compensation paid or payable pursuant to this chapter.

Subdivision 10 was enacted to prevent statutes other than workers' compensation laws from limiting an employer's right to recover workers' compensation benefits from a tortfeasor. *Allstate Ins. Co. v. Eagle–Picher Indus., Inc.*, 410 N.W.2d 324, 328–29 (Minn. 1987). The statute does not create a new right of indemnity. MBC does not assert a statute outside the workers' compensation laws as a basis for seeking indemnity from Egan. Minn.Stat. § 176.061, subd. 10, therefore, does not apply to this action.

**DECISION**

MBC is not precluded from suing Egan for contribution for workers' compensation benefits when Egan's employee injured MBC's employee while they were working as coem-

ployees. MBC is entitled to recover from Egan in a claim for non-fault-based contribution 50% of workers' compensation benefits paid and payable to Berget, plus costs, disbursements, and reasonable attorney fees.

Therefore, certified question no. 1 is answered in the negative, and certified question no. 2 is answered: a claim for non-fault-based contribution.

**Certified questions answered.**