Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/02/2023 09:07 AM CDT

Robert J. Parish, appellee, v. Kathleen M.
Parish, now known as Kathleen
M. Spence, appellant.

___ N.W.2d ___

Filed June 2, 2023.    No. S-22-066.

1. **Modification of Decree: Appeal and Error.** Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and will be affirmed absent an abuse of discretion by the trial court.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Divorce: Property Division: Armed Forces: Pensions.** Federal law does not preempt the power of a state court to treat a future nondisability veteran's pension entitlement as a marital asset in a dissolution proceeding.
4. ____: ____: ____: ____. Disposable retired military pay is divisible property in a divorce under the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408(c)(1) (2018).
5. ____: ____: ____: ____. If disposable retired pay is reduced by the veteran's election of disability benefits, the state court may not order a veteran to indemnify a former spouse for the loss of a former spouse's share of the veteran's retirement pay caused by the veteran's election to separately receive disability benefits.
6. **Divorce: Property Division: Armed Forces: Final Orders.** Where a state court enters a judgment of divorce dividing military benefits, and no appeal is taken therefrom, such division becomes a final order.
7. **Judgments: Collateral Attack.** Only a void judgment may be collaterally attacked.
8. **Judgments: Jurisdiction.** When considering whether a previous order is void, it is critical to differentiate between a judgment entered

without jurisdiction and an erroneous judgment that may nevertheless be enforceable.

9. **Divorce: Property Division: Armed Forces: Claim Preclusion.** When a divorce decree erroneously divides military benefits, the state law of claim preclusion, also known as res judicata, applies to determine whether relitigation of the issue may occur.

10. **Judgments: Jurisdiction: Collateral Attack.** Judgments entered without personal jurisdiction or subject matter jurisdiction are void and subject to collateral attack.

11. **Actions: Jurisdiction.** The lack of subject matter jurisdiction can be raised at any time by any party or by the court sua sponte.

12. **Modification of Decree: Alimony: Good Cause: Words and Phrases.** "Good cause" for modifying an alimony award means a material and substantial change in circumstances and depends upon the circumstances of each case.

13. **Modification of Decree: Alimony: Armed Forces: Pensions: Waiver.** While a Nebraska court may not include service-connected disability benefits awarded to a military retiree as a part of a marital estate, it may consider such benefits and the corresponding waiver of retirement pension benefits required by federal law in determining whether there has been a material change in circumstances which would justify modification of an alimony award to a former spouse.

Appeal from the District Court for Sarpy County: Stefanie A. Martinez, Judge. Reversed and remanded for further proceedings.

Aimee S. Melton and Megan E. Shupe, of Reagan, Melton & Delaney, L.L.P., for appellant.

Van A. Schroeder, of Bertolini, Schroeder & Blount, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Kathleen M. Parish, now known as Kathleen M. Spence, filed a motion to modify alimony. The district court for Sarpy County dismissed the motion for lack of subject matter

jurisdiction. Kathleen appeals. A dissolution decree (Decree) had awarded each party an interest in the couple's retirement properties and in addition had awarded Kathleen alimony that could be modified if her former spouse, Robert J. Parish, accepted a veteran's disability pension. The Decree was not appealed. Robert accepted a veteran's disability pension, thereby reducing his retirement benefits and consequently reducing the value of Kathleen's share of his benefits under the Decree, and Kathleen sought to modify alimony. The district court evidently believed that the original alimony award was improper and, in any event, believed it was being asked to divide Robert's veteran's disability benefits, which it concluded it could not do because it was preempted by federal law. The district court dismissed the matter for "lack of subject matter jurisdiction." Contrary to the district court's reasoning, it was merely being asked to consider modifying alimony based on a reduction in Robert's nondisability pension he shared with Kathleen. We conclude the district court had jurisdiction to consider the request to modify alimony, and we reverse, and remand for further proceedings.

## STATEMENT OF FACTS

The parties were divorced in 2011 by consent decree. As part of the property settlement, Robert received 50 percent of Kathleen's retirement account. The Decree further provided that Kathleen was entitled to an interest in Robert's military pension under the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1401 et seq. (2018). Kathleen was awarded a 48-percent interest in Robert's retirement benefits. Because the parties contemplated that Robert may receive disability upon retirement, thus reducing his traditional retirement pension to be shared with Kathleen, paragraph P of the Decree awarded Kathleen "Special Alimony" in the nominal amount of $1 per year. Paragraph P of the Decree stated, "This alimony provision shall be subject to modification only in the circumstance that there be a disability offset

against [Robert's] net disposable, non-disability pension and for no other reason." The foregoing awards were not challenged on appeal.

In 2012, Robert filed for and was given a disability rating and was then awarded a veteran's disability pension, which he received separately; that award resulted in a waiver of a portion of his retirement pension. Robert's disposable retired pay changed from $971.36 to $679.40 per month. The decrease in Robert's disposable retired pay reduced the amount that Kathleen received under the Decree to a smaller figure.

On May 18, 2018, Kathleen filed a complaint for modification in which she alleged that there had been a material and substantial change in circumstances that warranted modification of the special alimony to accommodate for the reduction in Robert's pension because he had converted retirement benefits to disability veteran's benefits. Robert was served with the complaint but failed to file an answer or appear for a hearing, and defaulted. In its September 5 order, the district court found there had been a material change in circumstances because Robert was now receiving disability that reduced the amount he received in nondisability pension funds, which in turn negatively impacted Kathleen. The district court ordered that Kathleen receive as alimony an amount equal to 48 percent of Robert's disability and ordered Robert to pay $13,034.76 to Kathleen, representing the amount she would have received since the commencement of the disability offset to Robert's pension in 2012.

Robert failed to make monthly payments under the order for modification. On October 8, 2019, the court issued an order to show cause. Robert filed a motion to dismiss and alleged that the court "lacks jurisdiction over" Robert. The court denied the motion to dismiss.

On February 21, 2020, Robert moved to vacate the order that had modified alimony. The court granted the motion, and this order has not been challenged. The case proceeded on the merits of the modification wherein Kathleen generally

maintained that the special alimony should be increased because her portion of the retirement benefits had been reduced. Robert generally maintained that the original alimony award was improper and that the district court was currently being asked to divide disability benefits, which generally a state court may not divide under federal law.

Trial was held on Kathleen's complaint for modification on December 13, 2021. Both parties testified and evidence was adduced, although evidence of the parties' present relative income and wealth was limited. On January 7, 2022, the district court filed an order that dismissed Kathleen's complaint for modification. The trial court characterized Kathleen's complaint, inter alia, as a request to divide Robert's disability pension, which it determined was preempted under federal law. The order stated that the district court "lacks subject matter jurisdiction to entertain the division of a VA disability waiver pension due to federal preemption of that disability pay."

Kathleen appeals.

## ASSIGNMENTS OF ERROR

On appeal, Kathleen claims that the district court erred when it dismissed her complaint to modify alimony. Kathleen specifically assigns, restated, that the district court erred when it determined that (1) it was preempted from implementing the alimony provisions of the Decree and (2) it lacked subject matter jurisdiction.

## STANDARDS OF REVIEW

[1,2] Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and will be affirmed absent an abuse of discretion by the trial court. *Grothen v. Grothen*, 308 Neb. 28, 952 N.W.2d 650 (2020). A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial

right and denying just results in matters submitted for disposition. *Id*.

## ANALYSIS

The district court dismissed Kathleen's motion to modify alimony on the basis that it lacked subject matter jurisdiction. We conclude this ruling was in error, and we reverse, and remand for further proceedings.

As explained below, as an initial matter we address Robert's assertion, endorsed by the district court, that the provision of the Decree which permitted a modification of alimony if Robert's military pension was reduced by receipt of disability benefits was preempted and improper. The alimony provision was not improper nor void. As further explained below, whether or not the initial alimony award provision was erroneous, the award became final, subject to principles of res judicata, and enforceable. Upon Kathleen's request, the district court had subject matter jurisdiction of the motion to modify alimony and should have adhered to the customary exercise of jurisdiction and standards applicable to a request to modify alimony. See *Longo v. Longo*, 266 Neb. 171, 663 N.W.2d 604 (2003).

*Division of Military Benefits: The Alimony*
*Provision in the Decree Is Not Void.*

Robert and the district court have indicated their belief that the original alimony provision is void. Robert asserted that the alimony provision is "undeniably a subterfuge to get around federal preemption in hopes that the state court could divide a veteran's disability pension contrary to the [USFSPA], and the *Mansell* and *Howell* decisions." Brief for appellee at 13. We reject this assertion.

[3-5] It is well settled that federal law does not preempt the power of a state court to treat a future nondisability veteran's pension entitlement as a marital asset in a dissolution proceeding. See *Longo v. Longo, supra*. Disposable retired military pay is divisible property in a divorce under

the USFSPA, 10 U.S.C. § 1408(c)(1). See, also, *Mansell v. Mansell*, 490 U.S. 581, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989). However, if disposable retired pay is reduced by the veteran's election of disability benefits, the state court may not order a veteran to indemnify a former spouse for the loss of a former spouse's share of the veteran's retirement pay caused by the veteran's election to separately receive disability benefits. *Howell v. Howell*, 581 U.S. 214, 137 S. Ct. 1400, 197 L. Ed. 2d 781 (2017).

Our examination of the special alimony provision in the Decree shows that it does not indemnify Kathleen for the reduction of her share of veteran's retirement pay. It does not require division of Robert's disability benefits. It merely provides that if Robert's retired pay is reduced by his election of disability benefits, Kathleen may seek a modification of alimony. The reduction of the value of Kathleen's share of retirement pay would be a relevant consideration in a modification of alimony analysis. See *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997). The district court was not being asked to enforce a preempted or otherwise void provision.

We do not read *Mansell* and *Howell* as prohibiting a provision that permits a court to take into consideration the receipt of disability benefits when calculating awards in family law. See *Rose v. Rose*, 481 U.S. 619, 107 S. Ct. 2029, 95 L. Ed. 2d 599 (1987). The district court had jurisdiction over the request to modify alimony, and the alimony provision in the Decree was enforceable and not void. See, *Longo v. Longo, supra*; *Kramer v. Kramer, supra*.

*Claim Preclusion: The Special Alimony Provision Has Become Res Judicata.*

[6-8] Where a state court enters a judgment of divorce dividing military benefits, and no appeal is taken therefrom, such division becomes a final order. See *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999). Collateral attacks on previous proceedings are impermissible unless the attack is

grounded upon the court's lack of jurisdiction over the parties or subject matter. *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012). Only a void judgment may be collaterally attacked. *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016)*.* When considering whether a previous order is void, it is critical to differentiate between a judgment entered without jurisdiction and an erroneous judgment that may nevertheless be enforceable, a distinction we further address below. *Foster v. Foster*, 509 Mich. 109, 983 N.W.2d 373 (2022), *amended* 509 Mich. 988, 974 N.W.2d 185.

[9] When a divorce decree erroneously divides military benefits, the U.S. Supreme Court has held that the state law of claim preclusion, also known as res judicata, applies to determine whether relitigation of the issue may occur. *Mansell v. Mansell*, 490 U.S. 581, 586 n.5, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989). See *Mansell v. Mansell*, 498 U.S. 806, 111 S. Ct. 237, 112 L. Ed. 2d 197 (1990) (denying certiorari after California Court of Appeals held that decree was immune from collateral attack under theory of res judicata)**.**

In this regard, a majority of state courts have permitted the previously unchallenged division of military benefits to stand based on application of the state's doctrine of claim preclusion or res judicata. 2 Brett R. Turner, Equitable Distribution of Property § 6:9 (4th ed. 2023) (collecting cases). Several courts examining federal preemption under the USFSPA have persuasively reasoned, and we agree, that because federal law does not have the exclusive federal forum for dividing military benefits in divorce actions, states are not deprived of subject matter jurisdiction over a divorce involving the division of military pension property. See *Foster v. Foster, supra* (stating no exclusive federal forum under 10 U.S.C. § 1408 and 38 U.S.C. § 5301(a)(1) (2018)). See, also, *Rose v. Rose, supra* (stating similar veteran's benefits statute did not provide for exclusive federal forum and state courts were not preempted from ordering child support paid from military benefits). We agree with the foregoing authorities and

conclude that as the forum, Nebraska jurisprudence regarding claim preclusion and res judicata applies.

It has been widely held, and we agree, that if the military benefits are initially divided by a state court in violation of federal preemption, but the service member fails to file a proper appeal, the decision is final and the benefits at issue are divided in accordance with the initial award. See, e.g., *Martin v. Martin*, ___ Nev. ___, 520 P.3d 813 (2022); *Foster v. Foster, supra*; *Matter of Marriage of Kaufman*, 17 Wash. App. 2d 497, 485 P.3d 991 (2021); *Shelton v. Shelton*, 119 Nev. 492, 78 P.3d 507 (2003); *In re Marriage of Mansell*, 217 Cal. App. 3d 219, 265 Cal. Rptr. 227 (1989). To the extent this reasoning conflicts with our reasoning in *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999), we disapprove of *Ryan*. Applying principles of claim preclusion in the instant case, the initial award of alimony was directly addressed and resolved in previous proceedings and may not be relitigated.

*Subject Matter Jurisdiction and Erroneous*
*Exercise of Jurisdiction Distinguished:*
*The District Court Was Not Asked*
*to Divide Disability Benefits*
*and Had Jurisdiction.*

As an adjunct to his earlier assertion that the alimony provision is void, which we have rejected, Robert contends: (1) Kathleen's request asks the court to divide disability benefits, (2) the alimony provision is unenforceable, and (3) the district court lacks subject matter jurisdiction. In line with these contentions, the district court found that because of federal preemption, it lacked subject matter jurisdiction to modify the award of alimony, which it understood to be a request to "entertain the division of a VA disability." The district court misperceived the nature of the request, and this ruling was erroneous.

[10,11] We begin by reciting familiar propositions of subject matter jurisdiction. Judgments entered without personal

jurisdiction or subject matter jurisdiction are void and subject to collateral attack. See, *Becher v. Becher*, 311 Neb. 1, 970 N.W.2d 472 (2022); *Young v. Govier & Milone*, 286 Neb. 224, 835 N.W.2d 684 (2013). The lack of subject matter jurisdiction can be raised at any time by any party or by the court sua sponte. *Williams v. Williams*, 311 Neb. 772, 975 N.W.2d 523 (2022).

However, we must clarify that lack of subject matter jurisdiction differs from an erroneous exercise of jurisdiction. The Supreme Court of Michigan recently explained this distinction in a dissolution proceeding to enforce a judgment that had divided a veteran's disability benefits. The court noted that "[t]he loose practice has grown up . . . of saying that a court had no 'jurisdiction' to take certain legal action when what is actually meant is that the court had no legal 'right' to take the action . . . ." *Foster v. Foster*, 509 Mich. 109, 124, 983 N.W.2d 373, 381 (2022) *amended* 509 Mich. 988, 974 N.W.2d 185. The *Foster* court explained that

> "[t]here is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal. . . ."

509 Mich. at 125, 983 N.W.2d at 381 (quoting *Jackson City Bank & Trust Co. v. Fredrick*, 271 Mich. 538, 260 N.W. 908 (1935)). It has been observed that failing to distinguish between "the erroneous exercise of jurisdiction" and "the want of jurisdiction"

> is a fruitful source of confusion and errancy of decision. In the first case the errors of the trial court can only be corrected by appeal or writ of error. In the last case its judgments are void and may be assailed by indirect as well as direct attack.

*Id.* at 124, 949 N.W.2d at 381 (internal quotation marks omitted).

In the present case, the district court had subject matter jurisdiction to adjudicate the initial award of alimony. As explained above, the alimony provision was not void, and even if it was erroneous, in the absence of an appeal or finding of mistake, the alimony provision became final. The alimony provision did not impermissibly divide disability benefits nor was it an indemnification to a former spouse for the loss of the former spouse's share of military retirement benefits due to the veteran's election to separately receive disability benefits. Robert's receipt of disability benefits was merely a condition that permitted the court to reevaluate appropriate alimony. In the current proceedings, the district court was asked to consider whether good cause existed to modify the award of alimony, not to divide disability benefits. The district court did not lack subject matter jurisdiction to consider a modification of alimony.

*Alimony.*

Kathleen appeals from the order that dismissed her complaint for modification of alimony. As we explained above, the alimony provision in the Decree did not divide preempted federal benefits and is properly understood under the customary Nebraska law of alimony. See *Longo v. Longo*, 266 Neb. 171, 663 N.W.2d 604 (2003).

[12] The complaint alleged that since entry of the Decree, there has been a substantial change in circumstances that warrants modification of alimony. The Decree provides in part as follows:

P. **Special Alimony**. [Robert] shall pay as specific alimony to [Kathleen] the sum of $1.00 per year beginning on the first day of the first month following the entry of this Decree and each year thereafter for the life of either party. This alimony shall not terminate upon the remarriage of [Kathleen], but only upon the death of either party. This alimony provision shall be subject to modification only in the circumstance that there be a

disability offset against [Robert's] net disposable, non-disability pension and for no other reason.

Nebraska's statute for the awarding of alimony, Neb. Rev. Stat. § 42-365 (2016), provides in part:

When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party.

Section 42-365 also provides the basis for which alimony awards entered pursuant to a consent decree may be modified for good cause. "Good cause" means a material and substantial change in circumstances and depends upon the circumstances of each case. *Grothen v. Grothen*, 308 Neb. 28, 952 N.W.2d 650 (2020).

The award of alimony in this case is a nominal award that is subject to modification for good cause under the court's authority found in § 42-365 and pursuant to the terms of the Decree. The Decree provides a condition precedent for modification of alimony—namely, Robert's taking a disability offset against his pension. Contrary to Robert's assertion, the award of alimony in this case did not become a property division or division of his veteran's disability benefits; the alimony provision merely anticipates the possibility that circumstances may change if Robert were to waive some amount of retirement benefits to receive disability benefits. See, *Longo v. Longo, supra*; *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997).

[13] We have previously explained that a trial court may reserve jurisdiction to award alimony in cases where the

service member has not elected nondivisible disability benefits at the time of the dissolution, and the service member may waive retirement benefits in the future. See *Longo v. Longo*, 266 Neb. 171, 663 N.W.2d 604 (2003). See, similarly, *Collins v. Collins*, 144 Md. App. 395, 798 A.2d 1155 (2002). We upheld a provision comparable to that found in the instant case in *Longo.* The *Longo* decree awarded a military spouse alimony in the sum of $1 per year for life "'to be modifiable only upon [the nonmilitary spouse's] portion of [the] military pension being reduced by a portion of said pension being received as disability.'" 266 Neb. at 180, 663 N.W.2d at 610-11. In *Longo*, we applied our holding in *Kramer* that allowed benefits exempt from distribution under federal law to nevertheless be taken into consideration in assessing the relative financial condition of the parties in a dissolution action. In *Kramer*, we stated that

> while a Nebraska court may not include service-connected disability benefits awarded to a military retiree as a part of a marital estate under *Mansell v. Mansell,* 490 U.S. 581, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989), it may consider such benefits and the corresponding waiver of retirement pension benefits required by federal law in determining whether there has been a material change in circumstances which would justify modification of an alimony award to a former spouse . . . .

252 Neb. at 546, 567 N.W.2d at 113. Any question of the dominion of state courts over alimony was answered by the U.S. Supreme Court in *Howell v. Howell*, 581 U.S. 214, 222, 137 S. Ct. 1400, 197 L. Ed. 2d 781 (2017), which stated that "a family court, when it first determines the value of a family's assets, remains free to take account of the contingency that some military retirement pay might be waived, or . . . take account of reductions in value when it calculates or recalculates the need for spousal support." See, similarly, *Rose v. Rose*, 481 U.S. 619, 107 S. Ct. 2029, 95 L. Ed. 2d

599 (1987) (stating that veteran's disability benefits can be considered in setting child support).

As in *Longo*, the Decree in this case required Robert to pay Kathleen nominal alimony, which could be modified upon a change in the nature of Robert's future pension benefits. Such an award of alimony under state law merely considers how that award would be affected by future disability or other preempted federal benefits but is not a property division in conflict with *Mansell v. Mansell*, 490 U.S. 581, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989), or *Howell v. Howell, supra*.

Based on the foregoing, the nominal award of alimony in this case is subject to modification under § 42-365 and the terms of the Decree. It is undisputed that there was a disability offset against Robert's net disposable, nondisability pension. The offset to the pension in which Kathleen shares could justify a modification to the amount of alimony after comparing the relative economic circumstances of the parties. See *Grothen v. Grothen*, 308 Neb. 28, 952 N.W.2d 650 (2020). To determine whether there has been a material and substantial change in circumstances warranting modification of a divorce decree, a trial court should compare the financial circumstances of the parties at the time of the divorce decree with their circumstances at the time the modification at issue was sought. *Id*. In contrast to a division of property, the purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances make it appropriate. § 42-365.

The record before us does not contain sufficient evidence of the relative current economic circumstances of the parties, and we are unable to resolve the matter of modification of the award of alimony on appeal. Accordingly, we remand the cause to the district court for further proceedings consistent with this opinion. On remand, we instruct the district court to consider Robert's military disability benefits to the extent receipt of the benefits affect the relative financial

circumstances of the parties. See *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997).

## CONCLUSION

The district court erred as a matter of law when it dismissed Kathleen's complaint for modification for lack of subject matter jurisdiction. We reverse, and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.