JOHN MICHAEL MARTIN, APPELLEE,
v. DEBBIE MARTIN, APPELLANT.

621 N.W.2d 511

Filed January 26, 2001.   No. S-99-853.

Thomas R. Hickey for appellant.

Patrick T. Riskowski, of Gallup & Schaefer, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The Douglas County District Court entered a decree on March 8, 1999, dissolving the marriage of John Michael Martin and Debbie Martin and ordering the disbursement of proceeds from the sale of the marital residence. On July 16, the district court confirmed various liens and directed their satisfaction from the proceeds. Debbie appeals.

## SCOPE OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, in which case the appellate court must reach a conclusion independent from the lower court's decision. *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999).

## FACTS

On March 8, 1999, the district court entered a decree of dissolution which provided, inter alia, that the sum of $83,902.88 from the sale of the marital residence should be divided equally between the parties after payment of certain bills. The bills to be paid included a guardian ad litem fee of $8,362.12, a court

reporter fee of $628, and John's attorney fee in the amount of $20,000.

On March 29, 1999, Debbie's attorney filed what was characterized as a notice of an attorney's lien in the amount of $13,321.67. On June 3, the district court entered an order commanding the clerk of the district court to disburse $20,000 to John's attorney and $8,362.12 to the guardian ad litem. On June 15, Debbie's attorney filed what was characterized as an amended notice of an attorney's lien in the amount of $13,582.17 and a motion to compel distribution of the marital residence proceeds and to have the district court confirm or deny the several liens against the funds. Debbie's motion to compel was heard by the district court on June 21, but there is no transcript of the hearing.

On July 16, 1999, the district court entered an order concerning the motion to compel. The order stated:

> THIS MATTER came on for hearing on the 21st day of June, 1999, on Respondent's motion to compel the distribution of certain funds held by the Clerk of the Douglas County District Court. More specifically, both the Respondent and the Petitioner, along with the guardian ad litem herein, ask the Court to confirm or deny the validity of their respective attorney liens.
>
> As the Court recited in its opinion letter dated July 15, 1998, the protracted, dilatory, painful and inexcusable amount of time and money expended for the resolution of this matter lie squarely on the shoulders of the Respondent and her most recent counsel. The Nebraska Supreme Court provided guidance to this Court regarding allocation of fees in Cedars Corporation v. Sun Valley Development Co, 253 Neb. 999 (1998). Pursuant to Jensen v. State, 184 Neb. 802, 172 N.W. 2d 607, the determination of reasonable attorney's fees should be considered upon the importance and result of the case, the difficulties thereof, the degree of professional skill demonstrated, the diligence and ability required and exercised, the difficulty of questions raised, and the time and labor necessarily required in the performance of those

duties. Counsel for Respondent shall not be rewarded for and Petitioner punished by Respondent and her counsel's frivolous behaviors.

IT IS THE ORDER AND JUDGMENT of this Court that Attorney Patrick T. Riskowski's lien in the amount of $25,515.40 is hereby confirmed and ordered to be disbursed by the Clerk of this Court forthwith.

IT IS THE ORDER AND JUDGMENT of this Court that Attorney Karen L. Vervaecke's lien in the amount of $8,362.12 is hereby confirmed and ordered to be disbursed by the Clerk of this Court forthwith.

IT IS THE ORDER AND JUDGMENT OF this Court that Attorney Thomas R. Hickey's lien is confirmed in the amount of $1,200.00, and the Clerk is directed to disburse to Thomas R. Hickey the amount of $1,200.00 forthwith.

FURTHER, IT IS THE ORDER AND JUDGMENT OF this Court that the remaining funds shall be distributed equally between the Petitioner and Respondent. The Respondent has previously been ordered to pay the costs of this action and said costs shall be deducted prior to the final disbursement to the Respondent.

It is from this order of July 16, 1999, that Debbie appeals.

## ASSIGNMENTS OF ERROR

Debbie claims, summarized and restated, that the district court erred by issuing ex parte orders without proper motion, notice, or hearing and by modifying its decree of dissolution and the amount of attorney fees awarded to John's attorney after the decree of dissolution had become final.

## ANALYSIS

Debbie first argues that the district court erroneously entered ex parte orders without motion, notice, or hearing. She points to numerous instances in the guardian ad litem's time slips where the guardian ad litem telephoned or met with the judge ex parte. The trial docket indicates that the district court entered at least five orders at the request of the guardian ad litem and that two of the orders were designated "ex parte." Debbie also contends that the order entered June 3, 1999, which disbursed $20,000 to

John's attorney and $8,362.12 to the guardian ad litem was entered ex parte.

We point out that each of these orders, with the exception of the June 3, 1999, order, was entered prior to the decree of dissolution. Therefore, we conclude that such matters are not properly before us, since they are matters that occurred prior to the decree of dissolution and could or should have been addressed in an appeal from the decree entered March 8. The order signed on June 3 did nothing more than order the clerk to do what the clerk had previously been ordered to do by the decree of March 8. Therefore, we conclude that this assignment of error is without merit.

Next, Debbie argues that the district court lacked subject matter jurisdiction to enter the July 16, 1999, order, which she contends wrongfully modified the decree by increasing the amount of attorney fees payable. A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, in which case the appellate court must reach a conclusion independent from the lower court's decision. *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999).

There is no record of what transpired at the June 21, 1999, hearing referred to in the July 16 order. At oral argument, John's attorney stated that on June 21, he appeared in chambers with John and the guardian ad litem. Debbie's attorney participated via telephone. It was the understanding of both parties' counsel that the district court's bailiff had called Debbie's counsel at the direction of the court and told Debbie's counsel not to appear. A court reporter was not present at the hearing, and no record was made of the proceeding. After this proceeding, the district court entered the July 16 order.

The order of July 16, 1999, confirmed an attorney's lien in favor of John's attorney in the amount of $25,515.40 and ordered that this amount be paid out of the funds held by the clerk of the district court prior to distribution to the parties. The order also confirmed a lien in favor of Debbie's attorney in the amount of $1,200 despite the fact that the district court did not award attorney fees to Debbie in the decree. This amount was also to be paid out of the funds held by the clerk of the district court. Consequently, the proceeds to be divided equally by the parties were decreased by $6,715.40.

The issue is whether the district court's order of July 16, 1999, was valid. John argues that the district court had subject matter jurisdiction to issue this order under common-law rules of equity and Neb. Rev. Stat. § 42-351 (Reissue 1998). He relies upon our decision in *Gatchell v. Henderson*, 156 Neb. 1, 54 N.W.2d 227 (1952), in which we stated that where a court dealing in equity has money or property under its jurisdiction, it has the power to appropriately direct its application in order to carry out justice.

The general proposition stated in *Gatchell* does not apply to the facts of this case. This court stated in *Gatchell*, 156 Neb. at 11, 54 N.W.2d at 233, that " ' "[e]quity will devise a remedy to meet emergencies, and will adjust the property interests of litigants whenever it can do so *without prejudice to the legal or equitable rights of any person*." ' " (Emphasis supplied.) For the district court to subsequently modify an award of attorney fees after a decree of dissolution has been entered and no appeal has been taken from such decree is clearly prejudicial to Debbie's rights.

Nor does § 42-351 support John's position. Section 42-351(1) states:

> In proceedings under sections 42-347 to 42-381, the court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning the status of the marriage, the custody and support of minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorney's fees.

This statutory provision merely confers subject matter jurisdiction on the county and district courts to hear domestic relations disputes. While § 42-351 conferred jurisdiction upon the district court to make an award of attorney fees in the first instance, it does not authorize the district court to modify, sua sponte, a final order from which no appeal has been taken.

We treat the order of July 16, 1999, as an invalid attempt by the district court to modify the decree of dissolution sua sponte. No application to modify the terms of the decree was filed. The proceedings which spawned the July 16 order were conducted in

130

chambers, without a court reporter. No record was made of the proceedings, and opposing counsel was apparently not permitted to attend in person. We conclude that the actions of the district court were improper and an abuse of discretion. We therefore vacate the July 16 order and declare it to be void and of no force and effect.

## CONCLUSION

For the reasons set forth herein, we vacate the district court's order of July 16, 1999, and we remand the cause with directions that the funds held by the clerk of the district court be distributed forthwith in accordance with the decree of dissolution entered March 8.

VACATED AND REMANDED WITH DIRECTIONS.