IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

HODGEN V. HODGEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LISA A. HODGEN, NOW KNOWN AS LISA A. PICKETT, APPELLEE,

V.

MARK S. HODGEN, APPELLANT.

Filed November 19, 2019.    No. A-19-285.

Appeal from the District Court for Lincoln County: RICHARD A. BIRCH, Judge. Reversed and remanded with directions.

Lindsay E. Pedersen, of Katherine R. Hall, P.C., L.L.O., for appellant.

No appearance for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

Mark S. Hodgen appeals the decision of the Lincoln County District Court that granted him a child support abatement for the month of July 2018, but did not also grant him an abatement for the months of June and August as provided for in the divorce decree. Because we find that Mark was entitled to an abatement for the months of June, July, and August 2018, we reverse and remand with directions.

BACKGROUND

A decree filed on February 27, 2018, dissolved the nearly 20-year marriage of Mark and Lisa A. Hodgen, now known as Lisa A. Pickett. The district court divided the marital estate and awarded Lisa alimony in the amount of $1,000 per month for a period of 180 months. Although 11 children were born to the marriage, only two children were affected by the decree. The parties were awarded joint legal custody of the two children, and Lisa was awarded physical custody.

- 1 -

Mark was awarded parenting time every other weekend, one evening per week, and 6 weeks in the summer--to be exercised 2 weeks each month for June, July, and August; but if both parties agreed in writing, two of Mark's weeks could be taken at other times throughout the year. A holiday parenting time schedule was also established. Mark was ordered to pay Lisa child support in the amount of $1,405 per month. The decree also stated, "Child support shall abate by 50 percent during the months of June, July and August of each calendar year commencing in 2018, so long as [Mark] has the minor children for visitation for 28 days or more during the summer." Lisa appealed the decree, but her appeal in case No. A-18-424 was dismissed on July 12, 2018, for failure to file a brief.

On October 1, 2018, Mark filed an "Application and Affidavit to Obtain Abatement of Child Support for Summer Visitation," wherein he affirmed that he exercised 33 days of summer visitation between June 1 and August 31, and sought his 50-percent abatement in child support for June, July, and August.

On October 31, 2018, Lisa filed an objection to the abatement of child support wherein she alleged that she struggled to make ends meet each month and that her household living expenses did not go down during the summer months when the children were not with her. She asked that there be no abatement during the summer months.

After a hearing, the district court (but a different judge than the one who entered the divorce decree) entered an order on December 20, 2018, granting Mark a 50-percent abatement in his child support obligation for July, but denying his request for an abatement for June and August. Mark's motion to alter or amend was denied, and he now appeals.

## ASSIGNMENTS OF ERROR

Mark assigns that the district court erred in (1) denying his request for a 50-percent abatement for June and August 2018, and (2) sua sponte modifying the decree without either party requesting a modification, issuance of a summons, or service on either party. Lisa did not file an appellee brief in response.

## STANDARD OF REVIEW

The meaning of a divorce decree presents a question of law. *Gomez v. Gomez*, 303 Neb. 539, 930 N.W.2d 515 (2019). Accordingly, an appellate court reviews the interpretation of that decree independently of a determination reached by the court below. *Id*.

## ANALYSIS

At the December 2018 hearing on Mark's application for abatement and Lisa's objection thereto, Lisa's counsel specifically acknowledged that there was no dispute that Mark had the children for 33 days between June 1 and August 31, 2018. However, Lisa's counsel argued that "the one-half abatement during the summer . . . would be financially devastating" to Lisa and would make it "impossible for her to meet her monthly obligations" as her overall living expenses do not change during the summer.

As Mark argues on appeal, "Lisa's Objection to the Abatement is essentially a request to modify the February 27, 2018 Decree." Brief for appellant at 7. However, Lisa did not follow the proper procedure to seek a modification. See Neb. Rev. Stat. § 42-364(6) (Cum. Supp. 2018)

("Modification proceedings relating to support . . . shall be commenced by filing a complaint to modify. . . . Service of process and other procedure shall comply with the requirements for a dissolution action"). See, also, Neb. Rev. Stat. § 42-352 (Reissue 2016) ("A proceeding under sections 42-347 to 42-381 shall be commenced by filing a complaint in the district court. . . . Summons shall be served upon the other party to the marriage by personal service or in the manner provided in section 25-517.02"); *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016) (summons is required to be served on defendant in modification proceeding, but defect can be waived by making general appearance). There is no evidence of summons in our record.

Even if Lisa had followed the proper procedures for seeking a modification of the decree, Lisa's financial situation and her static monthly expenses (e.g., housing, utilities, insurance, etc.) would have been known to the trial court when it entered its decree earlier that same year. Moreover, Lisa did not testify or present evidence at the December 2018 hearing; the hearing consisted solely of arguments by the parties. See *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018) (party seeking to modify child support order must show material change in circumstances that (1) occurred subsequent to entry of original decree or previous modification and (2) was not contemplated when decree was entered).

The plain language of the decree was clear: "Child support *shall abate* by 50 percent during the months of June, July and August of each calendar year commencing in 2018, so long as [Mark] has the minor children for visitation for 28 days or more during the summer." (Emphasis supplied.) The abatement provided for in the decree was allowable under the Nebraska Child Support Guidelines. See Neb. Ct. R. § 4-210 (allowing for support payments to be reduced by up to 80 percent during visitation or parenting time periods of 28 days or more in any 90-day period). And the district court was not authorized to modify the decree sua sponte. See *Martin v. Martin*, 261 Neb. 125, 621 N.W.2d 511 (2001) (Neb. Rev. Stat. § 42-351 (Reissue 2016) does not authorize district court to modify, sua sponte, final order from which no appeal has been taken). There was no dispute that Mark had the children for 28 days or more during the summer of 2018. Therefore, he was entitled to a 50-percent abatement in his child support obligation for the months of June, July, and August.

CONCLUSION

For the reasons stated above, we reverse the district court's order denying Mark a 50-percent abatement in his child support obligation for the months of June and August 2018, and we remand the matter back to the district court with directions to grant Mark the 50-percent abatement in his child support obligation for the months of June, July, and August 2018.

REVERSED AND REMANDED WITH DIRECTIONS.